CLYDE EVANS *v.* CARTER COAL COMPANY, *a Corporation, et als.*

(No. 8915)

Submitted September 26, 1939. Decided October 17, 1939.

J. *Randolph Tucker* and *M. O. Litz,* for plaintiffs in error.

*Crocket & Tutwiler* and *Albert A. Barley,* for defendant in error.

HATCHER, JUDGE:

This is a personal injury case. Plaintiff was an employee of defendant Coal Company, and lived in one of its houses. The house was above and across the public highway from the gravity storage railroad tracks used by the Company. Plaintiff, several months before his injury, had strung a radio aerial from a tree at his house to a tree beyond and above the tracks. The Company is not shown to have known of this. For the purpose of repairing the aerial, he climbed to the top of one of a string of loaded railroad cars standing on one of the tracks. As he was so engaged, the standing cars were struck violently by a trip of rapidly moving cars which had escaped con-

trol of the Company's employees further up the track. He was warned of the oncoming cars, but was unable to avoid the effect of the collision, and received severe injuries therefrom. The jury found a verdict in his favor and the circuit court gave him a judgment.

Piped water was convenient to plaintiff's house; but he and a small group of neighboring employees preferred water from a spring on the opposite side of the tracks. Several trips daily were made to the spring, and if railroad cars were standing on a track, the water carriers would go around, under or between them. Plaintiff takes the position that the maintenance of the aerial was an incident to the occupancy of his dwelling; that the use of the tracks and the standing cars by him and his neighbors in procuring spring water, was known, or of such frequency that it should have been known, by the Company; that employing the top of a car for the purpose of repairing the aerial was but a variation of such use; that the Company owed him the duty of reasonable care in the use; that this duty was violated when the cars, causing his injuries, were not controlled; and that the Company should therefore respond in damages.

We deem any general pronouncement upon the incidental right of a tenant to maintain an aerial, unnecessary in this case. If such right exists, it would be primarily limited to his tenancy and could not be materially extended over other property of the landlord without his permission, express or implied. No permission is claimed for the extension here.

Plaintiff would correlate his case with that of *Diotiollavi* v. *United Pocahontas Coal Co.*, 95 W. Va. 692, 122 S. E. 161, and other cases, involving track injuries to an employee or member of his family. In each of such cases, however, there was some condition or conditions which, in effect, constituted an invitation from the employer to the employee to use the track. For example, in the *Diotiollavi* case, the employer had built the miners' houses "almost abutting" on the railroad track, with gates opening from the enclosures around the houses "almost

immediately" on the track, and had left the space between the enclosures and the track unfit for pedestrian travel. There was no condition in the instant case inviting, alluring or inducing the employees to use the tracks. Here, the houses abutted on the public highway, not the tracks; and here, water had been brought to the houses, precluding an implied invitation to use the spring water. At most, the water carriers were bare licensees and their license extended only to crossing the tracks. *Blagg* v. *Baltimore & O. R. Co.*, 83 W. Va. 449, 452-3, 98 S. E. 526. Yet when this plaintiff was injured he was not crossing the tracks at all, nor was he going for water, nor using the coal car for anything incidental to water carrying, nor for a purpose, nor at a position, which the Company should reasonably have anticipated.

Defining the duties of a licensor to a licensee has proven difficult. Pollock, Torts (13th Ed.), pp. 543-8; 45 C. J., Negligence, sec. 201. But whatever those duties, the law is settled that the only one extending beyond the scope of the license to a position on the licensor's property where the licensee would not reasonably be expected, is to abstain from willfully injuring him; he has then become, in legal effect, a trespasser. Restatement, Torts, Vol. 2, sec. 341, par. b, p. 931; 20 R. C. L., Negligence, sec. 59; *Garland* v. *Boston & M. R. Co.*, 76 N. H. 556, 86 A. 141, 46 L. R. A. (N. S.) 338, 342, Ann. Cas. 1913E, 924; *Roberts* v. *Kelly Axe & Tool Co.*, 104 W. Va. 452, and authorities cited on page 458, 140 S. E. 283; *Perryman* v. *Mankin Lbr. Co.*, 113 W. Va. 848, 169 S. E. 462. The injury to the instant plaintiff is not shown to have been willful.

The judgment is reversed and the case remanded.

*Reversed and remanded.*