RICKEY W. ATKINSON, A MINOR, *etc., et al.*

*v.*

GLEN HARMAN, *et al., and* TOWN OF PINE GROVE, *etc.*
(No. 12658)

Submitted September 19, 1967. Decided December 19, 1967.

1026

*James W. Pyles, John J. Mensore, Paul J. Shiben,* for appellants.

*Steptoe & Johnson, Herbert G. Underwood,* for appellees.

CAPLAN, JUDGE:

This civil action was instituted in the Circuit Court of Wetzel County by Warren D. Atkinson, individually and as next friend of Rickey W. Atkinson, his minor son, to recover damages for injuries alleged to have been inflicted upon his minor son by reason of the alleged negligence of the defendants, Glen Harman, Russel Harman, Clay Queen and the Town of Pine Grove. The Harmans were partners engaged in the construction business. Clay Queen was their construction foreman for the project involved in this action.

On and prior to November 20, 1963 the defendants Glen and Russel Harman were engaged, under a contract with the State Road Commission, in the relocation of a portion of State Route 20. This construction work was being performed in the Town of Pine Grove

near Valley High School. In the course thereof, the defendant contractors were required to raise the elevation of Bank Street which ran perpendicular to the relocated Route 20 and in front of but not adjacent to the high school. This necessitated the construction of a new sidewalk along Bank Street, the said sidewalk and street being built on a grade sufficient to raise them to the level of the new Route 20 at the point where they joined.

Parallel to the new sidewalk and immediately in front of the high school building was another sidewalk which had been in existence over a long period of time. That sidewalk, however, was no longer in use from the schoolhouse in a southerly direction for the reason that at the junction of the sidewalk and the recently constructed Route 20 the walk was at a level six feet below that of the highway. Between these two sidewalks is a fifteen foot strip of land which slopes toward the school. It was on this strip of land that the infant plaintiff was injured.

On November 20, 1963 Rickey W. Atkinson, then twelve years of age, was walking from his home in the Town of Pine Grove to Valley High School in the same community where he was to obtain transportation by school bus to a junior high school which he attended in another community. Rickey crossed the new Route 20 and started toward the school on the new sidewalk. This sidewalk extends from Route 20 in a northerly direction for the distance of the old sidewalk. It then extends at a right angle to the old sidewalk in front of the schoolhouse. The new sidewalk had been paved almost to the place where it turned toward the schoolhouse. When Rickey approached the unpaved portion of the walk, he stepped off the walk in the direction of the schoolhouse and started across the strip of land referred to above. According to the evidence, the contractors had deposited boards on this strip of land which had been used as forms in their concrete work. Rickey testified that he

stepped on the boards and that "they slipped on me" and he fell, seriously injuring his left elbow. By reason of this injury Rickey was hospitalized on two occasions and there is evidence that he has sustained a permanent injury to his left arm. It was for this injury that the plaintiffs instituted this action.

In their complaint, the plaintiffs alleged that the injury was caused by the negligence and carelessness of all the defendants in permitting the sidewalks and strip of land between them to become cluttered and strewn with boards, lumber, sidewalk and building materials. It is further complained therein that the defendants were negligent in failing to close the street and sidewalk during the construction and in failing to provide a safe walkway for persons lawfully using the street and sidewalk. After pleadings had been filed and the case matured, trial was begun on May 19, 1966. At the conclusion of the plaintiffs' evidence, the court, on the motion of the defendants, directed a verdict in favor of all the defendants. The court stated as its reasons for directing the verdict: (1) Rickey W. Atkinson assumed the risk; (2) The defendants owed no duty to the plaintiffs; (3) Rickey W. Atkinson was guilty of contributory negligence as a matter of law; and (4) Rickey W. Atkinson was not injured on a public street and that he was in fact a trespasser.

The court further said that the plaintiffs failed to establish a prima facie case and that if there had been a verdict for the plaintiffs on this evidence, such verdict would have to be set aside. The assignments of error on this appeal show the plaintiffs' disagreement with each and every finding of the trial court.

This is an action based on negligence. It is well established by the decisions of this Court that in order to recover in such action the plaintiff must prove that the defendant was guilty of primary negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains.

*Alexander v. Jennings,* 150 W. Va. 629, 149 S.E. 2d 213; *Pygman v. Helton,* 148 W. Va. 281, 134 S.E. 2d 717; *Burdette v. Burdette,* 147 W. Va. 313, 127 S.E. 2d 249; *Davis v. Fire Creek Fuel Company,* 144 W. Va. 537, 109 S.E. 2d 144; *Hartley v. Crede,* 140 W. Va. 133, 82 S.E. 2d 672.

What is the negligence of which the plaintiffs complain? It appears from the complaint that the negligence upon which the plaintiffs rely is that the defendants permitted the sidewalks and the strip of land between them to become cluttered and strewn with boards, lumber and building materials. It is alleged that such condition caused the public street to be out of repair, thereby causing injury to the infant plaintiff.

A municipality, if its charter so requires, is under an obligation to keep its streets and sidewalks in repair and its liability is absolute for an injury caused by any such way that is allowed to fall into disrepair. See Code, 1931, 17-10-17, as amended, applied in *Jones . v. City of Mannington,* 148 W. Va. 583, 136 S.E. 2d 882. However, in the instant case, the evidence fails to reveal that the infant plaintiff was injured on a public street or sidewalk. There is no dispute as to where the injury occurred. The unchallenged testimony is that Rickey Atkinson was injured when he stepped on a board which was in the fifteen foot strip between the sidewalks. He was not on Bank Street, nor was he on the sidewalk adjacent thereto when he was injured. No evidence was offered whatever to show that the strip of land between the two sidewalks was a public way in the Town of Pine Grove. In the absence of such proof, the plaintiffs have failed to show any duty owed to them by the defendant town and such town cannot be guilty of negligence resulting in the injury to the infant plaintiff. *Townley v. City of Huntington,* 68 W. Va. 574, 70 S.E. 368, relied upon by the plaintiffs, is distinguishable from the instant case. In that case a child was injured in

a grassy plot between the sidewalk and the street. Holding the city liable, the Court said in Syllabus No. 1: "A space within the bounds of a city street, set apart between the sidewalk and the roadway for a grass plot, is a part of the street, for the neglect of the safe condition of which the city must be held liable." *Townley* is not authority for the plaintiffs' contention that Rickey was injured in a public street or sidewalk. There is no proof of primary negligence on the part of the Town of Pine Grove and the judgment of the circuit court in relation thereto is affirmed.

Considering the plaintiffs' claim against the defendant contractors the same principle applies. It is necessary for the plaintiffs to prove primary negligence on the part of such defendants and that such negligence was the proximate cause of the injury suffered by the infant plaintiff. The principal complaints against these defendants were that they negligently and carelessly permitted "the sidewalks and strip of land between them to become cluttered and strewn with boards, lumber and sidewalk and building materials," and that they negligently failed to close the street and sidewalk during this construction. Also, they complained that the defendant contractors were negligent in failing to provide a safe walkway around the obstruction.

Again, it must be pointed out that Rickey was not injured on Bank Street or on either sidewalk. He was injured when he left the new sidewalk and entered the area described in the complaint as the "strip of land between them." The defendant contractors did not own nor did they have any dominion over the area in which the infant was injured. They placed boards in this area, but according to the evidence, there was no large accumulation or "pile" of such materials. There was no evidence whatever tending to show that the defendants placed any boards in this area intending them to be used as a walkway between the sidewalks.

It is the general and widely accepted rule that in order to prove actionable negligence there must be shown a duty on the part of the person charged with negligence and a breach of such duty. 65 C. J. S., Negligence, Sec. 4. These elements of duty, breach and injury are essential to actionable negligence and in the absence of any of them the action must fall. 38 Am. Jur., Negligence, Sec. 11. This proposition is succinctly stated in 38 Am. Jur., Negligence, Sec. 12, as follows: "An action to recover damages for an injury sustained by the plaintiff on the theory that they were caused by the negligence of the defendant will not lie unless it appears that there existed, at the time and place where the injury was inflicted, a duty on the part of the defendant and a corresponding right in the plaintiff for the protection of the latter." See *Faull v. Abbot*, 137 W. Va. 777, 73 S.E. 2d 727; *Morrison v. Roush*, 110 W. Va. 398, 158 S.E. 514.

A thorough consideration of the evidence in this case fails to show any duty owed by the defendants to the plaintiffs. There is no offer of proof in the record of this case and consequently no showing as to who did own the plot of ground where the infant plaintiff was injured. That being so, neither the defendant town nor the defendant contractors could owe a duty to said plaintiff other than a duty to not deliberately or wilfully injure him.

Rickey Atkinson could have held no higher status than that of a bare or mere licensee when he left the sidewalk and entered the tract where he was injured. Certainly he was not invited to use this land. He was there solely for purposes of his own. The general rule is that no "duty exists toward a mere, bare, or gratuitous licensee, or licensee by permission, except to refrain from willfully or wantonly injuring him * * *." 65 C. J. S., Negligence, Sec. 63 (32). *Waddell v. The New River Company*, 141 W. Va. 880, 93 S.E. 2d 473; *Evans v. Carter Coal Company*, 121 W. Va. 493, 5 S.E. 2d 117; *Woolwine's Adm'r. v. C. & O. R. Co.*, 36 W.

Va. 329, 15 S.E. 81. Even if the defendants had dominion over this land, none of them did anything which could be construed as wantonly or wilfully injuring the infant plaintiff.

It is contended by the plaintiffs that the defendant contractors were negligent in failing to close the street and sidewalk during this construction. They assert that failing to so act placed them under a duty to construct a temporary walkway around the obstruction in the sidewalk and that their failure to provide such temporary walk constituted a breach of that duty. In the syllabus of *Nester v. United Foundation Corporation and Town of Ridgeley*, 136 W. Va. 336, 67 S.E. 2d 553, this Court said: ''No duty exists on the part of a contractor to provide or maintain a temporary way or detour around an obstruction of a street within a municipality, resulting from excavation work done by the contractor with permission of the municipality, in the absence of a contract or special circumstances.'' This clear expression can leave no doubt that in the instant case no such duty, as contended by the plaintiffs, could be imputed to the defendants. In view of the foregoing, and after a thorough consideration of the evidence adduced at the trial of this case, we are of the opinion that no duty of care was owed by the defendants to the infant plaintiff and that there was, therefore, no proof of primary negligence on the part of any of the defendants.

In *Burdette v. Burdette*, 147 W. Va. 313, 127 S.E. 2d 249, the Court said: '' * * * if the evidence does not establish a situation or a condition from which the jury could reasonably find that the defendant was guilty of negligence which was the proximate cause of the injuries of the plaintiff the plaintiff cannot recover. *Puffer v. The Hub Cigar Store, Inc.*, 140 W. Va. 327, 84 S.E. 2d 145; *Cooper v. Pritchard Motor Company*, 128 W. Va. 312, 36 S.E. 2d 405.'' See also *Waddell v. The New River Company*, 141 W. Va. 880, 93 S.E. 2d 473, wherein it was held that

in an action for personal injuries, if the evidence fails to establish primary negligence, it is the duty of the trial court to direct the jury to return a verdict for the defendant, and its failure to do so is reversible error.

In view of the holding of the Court that there was no primary negligence on the part of the defendants it will be unnecessary to discuss the other assignments of error.

Subsequent to the award of the appeal, the plaintiffs were granted leave to move to reverse the judgment of the trial court, as provided in Code, 1931, 58-5-25.

For the reasons stated herein the plaintiffs' motion to reverse is denied and the judgment of the Circuit Court of Wetzel County is affirmed.

*Affirmed.*