456 S.E.2d 28

**Charlene McMILLION and Randolph McMillion, Plaintiffs Below, Appellants,**

v.

**Nancy SELMAN, Defendant Below, Appellee.**

No. 21953.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 17, 1995.

Decided Feb. 17, 1995.

Peggy L. Collins, Collins & Courtright, Charleston, for appellants.

John A. Hutchinson, Charleston, for appellee.

PER CURIAM:

The issue in this case is whether the Circuit Court of Nicholas County erred in granting Nancy Selman summary judgment after Charlene McMillion and her husband sued Ms. Selman for injuries which Charlene McMillion sustained in a slip and fall on the Selman premises.

The circuit court concluded that the evidence presented in support of summary judgment demonstrated conclusively that Charlene McMillion was a licensee rather than an invitee at the time of the fall and that Nancy Selman violated no duty which resulted in Ms. McMillion's injury. We agree, and, accordingly, the judgment of the Circuit Court of Nicholas County is affirmed.

On May 10, 1990, Charlene McMillion had dinner in a Dairy Queen near Summersville, West Virginia. After leaving the restaurant, she discovered that she had left her purse behind. Because she lived some miles from the Dairy Queen, she telephoned Nancy Selman, who was a relative, and arranged for Nancy Selman to go to the Dairy Queen to retrieve the purse. She also told Nancy Selman that she would pick up the purse at the Selman residence at around 10:00 p.m., when she would be in the area. Nancy Selman, who operated a bed and breakfast in her home, agreed to this arrangement but asked Charlene McMillion to use the rear entrance, since she did not want her overnight guests disturbed. Charlene McMillion agreed.

As requested, Nancy Selman retrieved the purse from the Dairy Queen, and some time after 10:00 p.m., Charlene McMillion arrived at the Selman house as prearranged. At the time, the rear of the house was unlit, and it was raining. To get to the rear door, Charlene McMillion attempted to walk down a steep incline. There was no handrail adjacent to this incline. As she was descending, she fell and broke both bones in her lower left leg.

After the accident, Charlene McMillion and her husband sued Nancy Selman for damages.

After the filing of a number of documents in the case, Nancy Selman moved for summary judgment. In her motion, she claimed that Charlene McMillion was only a licensee at the time of the accident and that, as a licensee, she, Nancy Selman, did not owe Charlene McMillion the duty to protect against injuries arising from the natural condition of the premises. She argued that the evidence and documents filed clearly showed that Charlene McMillion's fall was due to the natural conditions of the premises, the steep bank, the darkness, and the rain, all conditions of which Charlene McMillion was aware, and that, under the circumstances,

the complaint failed to state a cause of action under the law of the State of West Virginia. The circuit court, in granting summary judgment, agreed, as do we.

■ In syllabus point 3 of *Aetna Casualty & Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court stated:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*See Lowery v. Raptis,* 174 W.Va. 736, 329 S.E.2d 102 (1985); *Karnell v. Nutting,* 166 W.Va. 269, 273 S.E.2d 93 (1980); *Consolidated Gas Supply Corp. v. Riley,* 161 W.Va. 782, 247 S.E.2d 712 (1978); and *Anderson v. Turner,* 155 W.Va. 283, 184 S.E.2d 304 (1971).

■ In *Burdette v. Burdette,* 147 W.Va. 313, 127 S.E.2d 249 (1962), this Court indicated that the mere happening of an accident is legally insufficient to establish liability. Somewhat similarly, the Court has also held that before the owner or occupier of premises may be held legally liable, it must be shown that he or she owed a duty to the person injured, that he or she breached that duty, and that the breach of duty was the proximate cause of the injury. *Atkinson v. Harman,* 151 W.Va. 1025, 158 S.E.2d 169 (1967).

■ In determining the duty of the owner or occupant of the premises toward a party injured on the premises, this Court has traditionally ascertained the status of the injured party. Where the party has been deemed an invitee, the Court has stated:

The owner or the occupant of premises owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition.

Syllabus point 2, *Burdette v. Burdette, supra.*

■ On the other hand, where the injured party is a licensee, the Court has applied a different rule:

Mere permissive use of the premises, by express or implied authority ordinarily creates only a license, and as to a licensee, the law does not impose upon the owner of the property an obligation to provide against dangers which arise out of the existing condition of the premises inasmuch as the licensee goes upon the premises subject to all the dangers attending such conditions.

Syllabus, *Hamilton v. Brown,* 157 W.Va. 910, 207 S.E.2d 923 (1974).

■ For a person to be an invitee, he must enter the premises under an invitation by the owner or occupant of the premises. *See Puffer v. Hub Cigar Store, Inc.,* 140 W.Va. 327, 84 S.E.2d 145 (1954). Furthermore:

An invitation is implied when premises of an owner or an occupant are entered or used for a purpose which is beneficial to the owner or the occupant, or when the entry or the use is for the mutual benefit of the owner or the occupant and the entrant or the user of the premises.

Syllabus point 1, *Puffer v. Hub Cigar Store, Inc., Id.* Because of this rule:

A person is an invitee when for purposes connected with the business conducted on the premises he enters or uses a place of business.

Syllabus point 2, *Puffer v. Hub Cigar Store, Inc., Id.*

■ On the other hand, as indicated in *Hamilton v. Brown, supra,* when a person enters the premises for his own benefit or only at the sufferance of the owner or occupant of the premises, with no benefit to flow to the owner or occupant of the premises, the party who enters is deemed to be a mere licensee.

It appears that the rules stated in the cases cited are reasonably consistent with rules generally recognized throughout the United States. For instance, 62 Am.Jur.2d Premises Liability § 91 [1990] states:

[A] visitor is no more than a licensee where he enters the premises of another, not in response to any inducement offered by the owner or occupant, or for a purpose having some connection with a business actually or apparently carried on there by the occupant, but for his own mere pleasure, convenience, or benefit.

In the present case, if Charlene McMillion was a mere licensee at the time of her fall, under the rule set forth in *Hamilton v. Brown, supra,* Nancy Selman did not owe her any duty to protect against dangers which arose out of the condition of the premises. On the other hand, if she was an invitee, under the rule set forth in *Puffer v. Hub Cigar Store, Inc., supra,* Nancy Selman owed her the duty to exercise ordinary, reasonable care to keep and maintain the premises in a reasonably safe condition. *See* syllabus point 4, *Puffer v. Hub Cigar Store, Inc., supra.*

The question of whether a person is a licensee or invitee has generally been resolved by focusing on the purpose of his visit. If the purpose was for the advancement of the business or interests of the occupant of the premises, then the entering party has generally been considered an invitee. On the other hand, if the purpose of the visit or entry on the premises has been for the visitor's pleasure, convenience, or benefit, he has generally been considered to be a licensee.

The documents filed in the present case rather clearly suggest that the reason Charlene McMillion was on the premises of Nancy Selman at the time of her fall was that Charlene McMillion wanted to pick up her own purse, which Nancy Selman had gratuitously, at the request of Charlene McMillion, retrieved from the Dairy Queen. There is no evidence that Charlene McMillion's entry on the premises in any way benefited Nancy Selman.

Under the circumstances, the Court believes that Charlene McMillion must be considered a licensee and that, as a licensee, the law did not impose upon Nancy Selman an obligation to provide against the dangers which arose out of the existing condition of the premises. Further, the evidence rather clearly shows that Charlene McMillion fell because of the conditions of the premises.

After reviewing the overall facts of the case, this Court cannot conclude that there was a genuine issue of fact to be tried or that inquiry concerning the facts was desirable to clarify the application of the law. In view of this, and in view of the rule set forth in syllabus point 3 of *Aetna Casualty & Surety Company v. Federal Insurance Company of New York,* the trial court properly granted Nancy Selman's motion for summary judgment.

The judgment of the Circuit Court of Nicholas County is, therefore, affirmed.

Affirmed.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.