464 S.E.2d 736

**Otis L. CAVENDER and Marguerite M. Cavender, Plaintiffs Below, Appellants,**

v.

**Billy FOUTY and Patricia Fouty, Defendants Below, Appellees.**

No. 22807.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1995.

Decided Oct. 26, 1995.

George M. Scott, Spencer, for Appellants.

1. The record indicates that the mobile home set-up included "the meter base, the entrance cable and the weather head."

David A. Sims, Debra Tedeschi Hall, Elkins, for Appellees.

PER CURIAM:

Otis L. and Marguerite M. Cavender appeal an order of the Circuit Court of Roane County granting Billy and Patricia Fouty summary judgment and dismissing Mr. and Mrs. Cavender's complaint with prejudice. On appeal, the Cavenders argue that the circuit court erred in finding that Mr. and Mrs. Fouty owed no duty to Mr. Cavender because he was a licensee. The Cavenders allege that because Mr. Cavender was an invitee, on the Foutys' property for a business purpose, the Foutys failed in their duty to him to exercise ordinary care to keep and maintain their property in a reasonably safe condition. Because the facts of this case present at least one material question of fact concerning Mr. Cavender's status as either an invitee or a licensee, we find that summary judgment should not have been granted and therefore, we reverse the circuit court's decision and remand this case for further proceedings.

I

During August 1991, Mr. Cavender, who had seen an electrical meter box attached to a pole located on the Foutys' farm, telephoned Mr. Fouty and asked him about purchasing the meter box. Mr. Cavender's original offer for the meter box was $35 but after some negotiation, the purchase price increased to $50 for the "mobile home setup" [1] and Mr. Cavender was to remove the meter box from the pole. The parties disagree about who suggested that Mr. Cavender remove the material. Mr. Cavender said, "That is difficult [to say whose idea it was for him to remove the box from the pole], but I dare say that in our conversation I agreed to take it off." Mr. Fouty said, "Well he told me that he would take it down and give me the $50.00." Mr. Fouty acknowledged that he wanted to keep the pole to which the meter box was attached. Mr. Fouty said, "the meter base box is what I sold him, and I

gave him the entrance and the weather head." Mr. Cavender paid $50 to Mr. Fouty. The parties agree that Mr. Fouty has a separate and distinct occupation, namely as an automotive mechanic, and does not routinely engage in activities such as the sale of the mobile home setup.

The meter base was located about eye level between five and six feet above the ground on a black pole, which was about 16 feet high. On August 10, 1991, Mr. Cavender, working alone, started removing the meter base from the Foutys' pole. Standing on the ground, Mr. Cavender first loosened the meter base. In order to remove the wires, Mr. Cavender, without inspecting the pole, leaned his ladder against the pole and began to climb up. Mr. Cavender estimated that when he was about six feet above the ground, the pole, on which his ladder was leaning, collapsed. Mr. Cavender said, "when the pole broke, it shot me and the ladder over the hill with the pole." Apparently the pole broke off at ground level. The record is unclear concerning what caused the pole to break. As a result of the accident, Mr. Cavender severely injured his back and had constant pain in his back, pelvis and legs. Mr. Cavender alleges he is totally disabled as a direct result of the accident.

On June 15, 1993, Mr. and Mrs. Cavender filed their complaint against Mr. and Mrs. Fouty, the owners of the property where the pole had been located. The Cavenders demanded a trial by jury. After some discovery, on April 13, 1994, the Foutys filed a motion for summary judgment arguing that because Mr. Cavender was a licensee and the Foutys did not wilfully or wantonly injure him, the Cavenders' suit should be dismissed. By order entered January 25, 1995, the circuit court granted the Foutys summary judgment and the Cavenders appealed to this Court.

## II

■ This appeal's sole issue is the appropriateness of summary judgment. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). *Accord Williams v. Precision Coil, Inc.*, 194

W.Va. 52, 58, 459 S.E.2d 329, 335, *rehearing denied* (1995). Our traditional standard for granting summary judgment is stated in Syl. pt. 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963):

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*Accord* Syl. pt. 1, *Williams v. Precision Coil, Inc., supra;* Syl. pt. 2, *Painter v. Peavy, supra;* Syl. pt. 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

■ Rule 56 (1978) of the *W.Va.R.Civ.P.* is " 'designed to effect a prompt disposition of controversies on their merits without resort to a lengthy trial,' if there essentially 'is no real dispute as to salient facts' or if it only involves a question of law." *Williams v. Precision Coil, Inc.*, 194 W.Va. at 58, 459 S.E.2d at 335, *quoting, Painter v. Peavy*, 192 W.Va. at 192 n. 5, 451 S.E.2d at 758 n. 5, *quoting, Oakes v. Monongahela Power Co.*, 158 W.Va. 18, 22, 207 S.E.2d 191, 194 (1974). Subsection c of Rule 56 states, in pertinent part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Syl. pt. 2, *Williams v. Precision Coil, Inc.*, states:

Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*See also* Syl. pt. 4, *Painter v. Peavy, supra.*

Syl. pt. 3, *Williams v. Precision Coil, Inc.*, states:

If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that

there is no genuine issue of a material fact, the burden of production shifts to the non-moving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

■ According to *Williams*, the function of the circuit court at the summary judgment stage "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Williams v. Precision Coil, Inc.*, 194 W.Va. at 59, 459 S.E.2d at 336, *quoting*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). *See* Syl. pt. 3, *Painter v. Peavy*, *supra*. In addition to drawing any permissible inference from the underlying facts in the light most favorable to the party opposing summary judgment, *Williams* also stated:

> In assessing the factual record, we must grant the nonmoving party the benefit of inferences, as "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216. Summary judgment should be denied "even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom" *Pierce v. Ford Motor Co.*, 190 F.2d 910, 915 (4th Cir.), *cert. denied*, 342 U.S. 887, 72 S.Ct. 178, 96 L.Ed. 666 (1951).

*Williams v. Precision Coil, Inc.*, 194 W.Va. at 59, 459 S.E.2d at 336.

■ In this case, the ultimate question concerns the "drawing of legitimate inferences from the facts," which according to *Williams* is a jury function. Except for some dispute over who suggested Mr. Cavender remove the mobile home setup from the pole, the parties agree on the facts. The parties also agree that the first question presented involves deciding whether Mr. Cavender was a licensee or an invitee when he went on the Foutys' property to remove the mobile home setup from the pole.[2] In Syl. pt. 1, *Miller v. Monongahela Power Co.*, 184 W.Va. 663, 403 S.E.2d 406, *cert. denied*, 502 U.S. 863, 112 S.Ct. 186, 116 L.Ed.2d 147 (1991), we noted that, "[w]e have consistently recognized and applied the distinctions for liability purposes among trespassers, licensees and invitees."[3]

In *Miller*, "we enthusiastically reaffirm[ed] the common law distinctions among trespassers, licensees and invitees."[4] *Miller v. Monongahela Power Co.*, 184 W.Va. at 668, 403 S.E.2d at 411. *Miller* noted that these terms were defined in *Waddell v. New River Co.*, 141 W.Va. 880, 883–84, 93 S.E.2d 473, 476 (1956):

> The plaintiff was either an invitee, licensee or a trespasser. In the law of negligence, and with reference to trespasses on realty, invitation is the act of one who solicits or incites others to enter upon, remain in, or make use of, his property or structures thereon, or who so arranges the property or the means of access to it or of transit over it as to induce the reasonable belief that he expects and intends that others shall come upon it or pass over it. To constitute a person or licensee upon the

---

**2.** If the jury determines that Mr. Cavender was an invitee, the next determination would be whether the Foutys exercised ordinary care to keep and maintain their property in a reasonable safe condition. *See Hovermale v. Berkeley Springs Moose Lodge No. 1483*, 165 W.Va. 689, 271 S.E.2d 335 (1980) for a definition of reasonable and ordinary care owed to an invitee.

**3.** If the jury determines that Mr. Cavender was a licensee, no duty is imposed on the Foutys, the owners, to protect a licensee against dangers arising out of existing conditions. *See* Syl. *Hamilton v. Brown*, 157 W.Va. 910, 207 S.E.2d 923

(1974). Of course, the owner needs to refrain from wilful or wanton injury, the same duty owed to a trespasser. *See* Syl. pt. 2, *Huffman v. Appalachian Power Co.*, 187 W.Va. 1, 415 S.E.2d 145 (1991) discussing the owner's duty to a trespasser.

**4.** In this case, the parties agree that Mr. Cavender was not a trespasser and therefore, we do not discuss the definition of or duty owed to a trespasser. *See Huffman v. Appalachian Power Co.*, *supra* note 3, for a discussion of the definition of and the duty owed to a trespasser.

premises or property of another, it must be shown that he is there by permission or authority of the owner or his authorized agent. The permission and authority amounting to a license must be expressly or impliedly granted, and mere sufferance or failure to object to such person's presence upon the property of another is insufficient within itself to constitute a license, unless under the circumstances that permission should be inferred. A trespasser is one who goes upon the property or premises of another without invitation, express or implied, and does so out of curiosity, or for his own purpose or convenience, and not in the performance of any duty to the owner.

*Miller v. Monongahela Power Co.*, 184 W.Va. at 667 n. 1, 403 S.E.2d at 410 n. 1. Syl. pt. 1, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966), provides the following definition of an invitee:

"A person is an invitee when for purposes connected with the business conducted on the premises he enters or uses a place of business." Point 1 Syllabus, *Burdette v. Burdette*, 147 W.Va. 313 [127 S.E.2d 249].

*Accord* Syl. pt. 1, *Haddox v. Suburban Lanes, Inc.*, 176 W.Va. 744, 349 S.E.2d 910 (1986); Syl. pt. 2, *Puffer v. Hub Cigar Store, Inc.*, 140 W.Va. 327, 84 S.E.2d 145 (1954). The duty owed to an invitee was outlined in Syl. pt. 2 of *Morgan v. Price*, where we said:

"The owner or the occupant of premises owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition." Point 2 Syllabus, *Burdette v. Burdette*, 147 W.Va. 313 [127 S.E.2d 249].

*Accord* Syl. pt. 2, *Andrick v. Town of Buckhannon, supra. See Haddox v. Suburban Lanes, Inc., supra; Hovermale v. Berkeley Springs Moose Lodge No. 1483, supra* note 2; *Roach v. McCrory Corp.*, 158 W.Va. 282, 210 S.E.2d 312 (1974); *Puffer v. Hub Cigar Store, Inc., supra.*

However, in the case of a licensee, that is a person on another's property with expressed or implied permission, the property owner does not have to correct the dangers arising from existing conditions. In the Syllabus of *Hamilton v. Brown, supra* note 3, we said:

Mere permissive use of the premises, by express or implied authority ordinarily creates only a license, and as to a licensee, the law does not impose upon the owner of the property an obligation to provide against dangers which arise out of the existing condition of the premises inasmuch as the licensee goes upon the premises subject to all the dangers attending such conditions.

*See also Miller v. Monongahela Power Co.*, 184 W.Va. at 667–68, 403 S.E.2d at 410–11.

In this case, the question is whether a buyer on a seller's property as part of an isolated commercial transaction, initiated by the buyer, is considered an invitee or a licensee. Except for a question concerning who proposed the buyer remove the setup, there appears to be no material question of fact. However, the circuit court erred in reaching the conclusion that the buyer was not an invitee because reaching *any conclusion*[5] requires "the drawing of legitimate inferences from the facts," which is a jury function. *Williams v. Precision Coil, Inc.*, 194 W.Va. at 59, 459 S.E.2d at 336. Summary judgment should have been denied even through there is no dispute about the evidentiary facts because the "conclusions to be drawn therefrom" are not for a judge but reserved for the jury. *Williams v. Precision Coil, Inc., id. See McMillion v. Selman*, 193 W.Va. 301, 456 S.E.2d 28 (1995) (*per curiam*) (affirming summary judgment because given the facts of the case, the only conclusion which could be drawn was that the appellant was a licensee); *Johnson v. Mays*, 191 W.Va. 628, 447 S.E.2d 563 (1994) (*per curiam*) (affirming that portion of summary judgment concluding that the plaintiff was a licensee). Based on the record as developed, a jury might infer that this was a fully integrated sales transaction to the extent that the sale of the mobile home setup and its removal from the pole were fused into a single transaction, from which the landowner derived a benefit in the form of the item's sale price. This benefit could elevate the buyer's status to that of an invitee. We,

5. We express no opinion with regard to the ultimate question in this case.

therefore, find that summary judgment was not appropriate because from the totality of the record presented, the record could lead a rational trier of fact to find for the non-moving party.

For the above stated reasons, the decision of the Circuit Court of Roane County is reversed and this case is remanded for further proceedings.

Reversed and remanded.

MILLER, J., Retired, sitting by temporary assignment.

ALBRIGHT, J., did not participate.