535 S.E.2d 724

Jennie SENKUS and Michael Senkus, Plaintiffs Below, Appellants,

v.

David J. MOORE and James M. Romano, d/b/a Fairmont Veterinary Hospital, Defendants Below, Appellees.

No. 26563.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 25, 2000.

Decided Feb. 18, 2000.

Phillip D. Gaujot, Esquire, Morgantown, West Virginia, Attorney for Appellants.

Charles L. Steele, Esquire, Law Offices of Thomas G. Steele, Clarksburg, West Virginia, Attorney for Appellees.

PER CURIAM:

This case is before the Court upon the appeal of Jennie and Michael Senkus from the April 5, 1999, final order of the Circuit Court of Marion County, West Virginia, which granted the Appellees, Dennis J. Moore[1] and Joseph M. Romano,[2] summary judgment in the Appellants' negligence and loss of consortium action. The Appellants argue that the circuit court erred: 1) in

1. The Appellee was incorrectly named in the complaint as "David J. Moore."

2. The Appellee was incorrectly named in the complaint as "James M. Romano."

granting summary judgment because genuine issues of material fact exist, and the Appellees were not entitled to a judgment as a matter of law; and 2) in deciding issues of fact as conclusive when the facts were such that a jury of reasonable persons could very well draw different conclusions from them.[3] Based upon a review of the record, the parties' respective briefs and arguments, as well as all other matters submitted before this Court, we affirm the decision of the circuit court.

## I. FACTS

The Appellees own and operate the Fairmont Veterinary Hospital in Fairmont, West Virginia. On May 15, 1995, the Appellant, Jennie Senkus, took her dog to the veterinary hospital. When exiting the examination room, Ms. Senkus tripped over the corner of a scale situated on the floor in a corner of the hallway near the examining room. The uncontroverted facts were that the scale was in plain view to all the veterinary hospital patrons and was not a hidden danger. Even Ms. Senkus testified, in her deposition, that she did not remember anything obstructing her view of the scale at the time of her visit. She further stated that she did not know why she did not see the scale as she was exiting. Ms. Senkus sustained a serious injury.

The circuit court, in its order granting summary judgment in the Appellees' favor, found:

3. The scale over which Ms. Senkus fell is an integral and necessary implement in any veterinary facility.

4. The scale was not hidden; rather, it was open and obvious to the eye.

5. The placement of the scale (as observed in the photographs) was appropriate. It did not infringe upon the traffic pattern within the office to any appreciable degree; indeed, its placement in a corner resulted in the avoidance of it being a danger or nuisance to the public.

6. Plaintiff Jennie Senkus had passed by the scale in entering the examining room. Therefore, she was, or should have been, aware of its presence. Her own negligence in tripping over the scale in exiting the examining room far exceeds such negligence, if any, on the part of defendants in locating the scale.

7. To hold that defendants' placement of the scale constituted actionable negligence would put in jeopardy most, if not all, veterinary clinics, doctors' offices, and other like facilities.

The lower court then concluded that the "[d]efendants were not guilty of negligence and/or willful and wanton conduct in the placement of the scales over which Ms. Senkus tripped nor did the placement constitute a nuisance."

## II. DISCUSSION

The only issue before the Court is whether the trial court properly granted summary judgment in this case. The Appellants argue that genuine issues of fact exist regarding whether the Appellees were negligent in the placement of the scale. The Appellants also assert that the lower court improperly invaded the province of the jury by determining that Ms. Senkus' own negligence in tripping over the scale far exceeded the negligence, if any, on the part of the Appellees in locating the scale. In contrast, the Appellees maintain that the Appellants failed to show, and could not show under any circumstances, that the scale in question constituted a "foreign substance or defective condition" for which the property owner could have had actual or constructive knowledge. Further, the evidence demonstrated that Ms. Senkus simply failed to watch where she was going. Thus, the trial court properly entered summary judgment in the Appellees' favor.

 This Court has previously held in syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Further,

" 'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be issue.

3. The Appellants assigned errors are redundant and, therefore, will be addressed as a single

tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. Finally, we held that

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.*, Syl. Pt. 4.

 In determining whether the circuit court properly granted summary judgment, it is important to review the essential elements of a negligence cause of action, which the Appellants had the burden to prove. Before the owner or occupier of premises may be held legally liable, it must be shown that the owner/occupier *owed a duty* to the person injured, that the duty was breached, and that the breach of duty was the proximate cause of the injury. *Atkinson v. Harman*, 151 W.Va. 1025, 158 S.E.2d 169 (1967); *see McMillion v. Selman*, 193 W.Va. 301, 303, 456 S.E.2d 28, 30 (1995).

The parties agree that the duty owed to Ms. Senkus by the Appellees is that of a business invitee. In syllabus point four of *Mallet v. Pickens*, 206 W.Va. 145, 522 S.E.2d 436 (1999), however, this Court recently abolished the distinction between licensees and invitees, holding that "landowners or possessors now owe any non-trespassing entrant a duty of reasonable care under the circumstances." *Id.*, Syl. Pt. 4, in part. Despite the abolition of the licensee/invitee distinction, the duty Appellees owed to Ms. Senkus remains unchanged in that it was nothing more nor less than one of "reasonable care under the circumstances." *Id.*

The fall by Ms. Senkus on the Appellees' property is insufficient to prove that the Appellees were negligent. While the Appellants contend that the scale was negligently placed on the premises, the Appellants failed to offer any evidence before the trial court to show that the placement of the scale breached any duty to them or that it was inherently dangerous or unsafe. Rather, the uncontradicted evidence is that Ms. Senkus' negligent failure to watch where she was walking was the sole precipitating cause of the accident. Where there is no evidence from which a rational trier of fact could reasonably infer a breach of duty, summary judgment is appropriate.

The decision of the Circuit Court of Marion County is hereby affirmed.

Affirmed.

Justices STARCHER and McGRAW dissent.