# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Valerie Tabit,**
**Plaintiff Below, Petitioner**

**vs)  No. 18-0287** (Kanawha County 16-C-1541)

**Kroger Group Cooperative, Inc., and**
**Kroger Limited Partnership I,**
**Defendants Below, Respondents**

**FILED**

**February 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Valerie Tabit, by counsel Kevin P. Davis and William P. Dean, appeals the order of the Circuit Court of Kanawha County, entered on February 22, 2018, granting respondents' motion for summary judgment on petitioner's claim that respondents' negligence caused her to fall and sustain injury. Respondents Kroger Group Cooperative, Inc. and Kroger Limited Partnership I appear by counsel Travis S. Haley and Julie M. Greco.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a civil complaint in the Circuit Court of Kanawha County in October of 2016. She asserted that she suffered damages at respondents' place of business the prior year when she "tripped over the abnormally large caution sign that primarily blocked ingress and egress from the bathroom leaving only the narrow route to step over and around it." After a period of discovery, during which petitioner testified that she saw the thirty-inch tall triangular cautionary sign and walked around it prior to tripping, respondents filed a motion for summary judgment. The circuit court granted respondents' motion, aptly noting that our jurisprudence assigns "no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant."[1]

---

[1] West Virginia Code § 55-7-28 provides:

> (a) A possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to

(continued . . .)

1

On appeal, petitioner puts forth seven assignments of error. She asserts that the trial court erred in: finding that there was no genuine issue of material fact; disregarding witness testimony; finding that petitioner "opted to use the ladies' room rather than the family/handicap bathroom"; finding that the federal Americans With Disabilities Act ("the ADA") is not a "safety statute"; misapplying West Virginia Code § 55-7-28(c) by failing to consider "the nature, severity, or lack thereof, of violations of any statute relating to a cause of action"; failing to correctly apply precedent; and failing to consider the "five primary elements of negligence."[2] Our review is de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Our consideration of each of petitioner's assignments of error coincides with that of the others, inasmuch as petitioner has offered a single argument in support of all seven points. Taking the points together, we surmise that petitioner argues that her expert witness, Mark Derry, a consultant with knowledge of the ADA, testified that the ADA is a "safety statute" capable of providing the groundwork for a private negligence action.[3] Petitioner, a partially-

the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

(b) Nothing in this section creates, recognizes or ratifies a claim or cause of action of any kind.

(c) It is the intent and policy of the Legislature that this section reinstates and codifies the open and obvious hazard doctrine in actions seeking to assert liability against an owner, lessee or other lawful occupant of real property to its status prior to the decision of the West Virginia Supreme Court of Appeals in the matter of *Hersh v. E-T Enterprises, Limited Partnership*, 232 W.Va. 305 (2013). In its application of the doctrine, the court as a matter of law shall appropriately apply the doctrine considering the nature and severity, or lack thereof, of violations of any statute relating to a cause of action.

[2] We decline to review petitioner's second assignment of error because it is insufficient to direct our attention to a specific complaint. Petitioner wrote:

The trial court committed reversible error by finding the sworn deposition testimony of Valerie Tabit and the sworn deposition testimony of Mark Derry, Ms. Tabit's expert witness in regards to the American's (sic) with Disabilities Act expert witness, Mark Derry regarding the incident of this case does not qualify and meet the legal standard for such claims in West Virginia.

[3] The Americans with Disabilities Act "provide[s] a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities[.]" 42 U.S.C. § 12101(b)(1). The ADA prohibits discrimination against persons with disabilities in three major areas of public life: employment (Title I, 42 U.S.C. §§ 12111–12117); public services (Title II, 42 U.S.C. §§ 12131–12165); and public accommodation (Title III, 42 U.S.C. §§ 12182–12189). *See Tennessee v. Lane*, 541 U.S. 509, 516-17, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). We (continued . . .)

paralyzed woman and likely an intended beneficiary of ADA accommodation, argues that the circuit court failed to consider all precedent—including, presumably, the ADA—in evaluating her negligence claim.[4]

Petitioner's reasoning is more succinctly explained in our prior holding:

"When a statute imposes a duty on a person for the protection of others, it is a public safety statute and a violation of such a statute is prima facie evidence of negligence unless the statute says otherwise. A member of a class protected by a public safety statute has a claim against anyone who violates such a statute when the violation is a proximate cause of injury to the claimant." Syllabus Point 7, *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 524 S.E.2d 688 (1999).

Syl. Pt. 1, *Hersh v. E-T Enterprises, Ltd. P'ship*, 232 W.Va. 305, 752 S.E.2d 336 (2013) superseded by statute on other grounds as stated in *Tug Valley Pharmacy, LLC v. All Plaintiffs Below in Mingo County*, 235 W.Va. 283 n.12, 773 S.E.2d 627 n.12 (2015).

Petitioner builds her argument entirely on the testimony of Mr. Derry. She cites the ADA only broadly, without underlining her negligence claim with the identification of any particular statutory violation. Likewise, she offers no legal authority branding the ADA as a "safety statute," instead characterizing her assertion as a factual one.

The question of whether the ADA is such a statute under our jurisprudence is not one of fact. It is a legal query, turning on the determination of whether the ADA "imposes a duty on a person for the protection of others." Syl. Pt. 1, *Hersh*, 752 S.E.2d 336.The question is unanswered by this Court, but we need not attend it at this time.[5] "Before the owner or occupier

---

presume petitioner wishes us to consider Title III, 42 U.S.C. § 12182(a), which provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

[4] We say "likely" because petitioner offers no evidence describing her physical limitations. "An impairment is a disability [within the meaning of the ADA] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 20 C.F.R. § 1630.2(j)(1)(ii).

[5] A West Virginia federal district court rejected the creation of a prima facie case based on ADA violation upon consideration of this Court's precedent:

Further, given the established principle that a private cause of action for damages is unavailable under Title III of the ADA, allowing the Plaintiffs to proceed on this theory would contradict not only the ADA, but West Virginia's concern that violation of a statute only give rise to liability when a "statute creates an implied

(continued . . .)

of premises may be held legally liable, it must be shown that the owner/occupier *owed a duty* to the person injured, that the duty was breached, and that the breach of duty was the proximate cause of the injury. *Atkinson v. Harman*, 151 W.Va. 1025, 158 S.E.2d 169 (1967); *see McMillion v. Selman*, 193 W.Va. 301, 303, 456 S.E.2d 28, 30 (1995)." *Senkus v. Moore*, 207 W.Va. 659, 662, 535 S.E.2d 724, 727 (2000)(emphasis in original). Or, as later stated in syllabus point one of *Hersh*, negligence may be assumed under this approach when a public safety statute is violated and "the violation is a proximate cause of injury to the claimant." Because the circuit court adequately explained that petitioner failed to articulate an ADA violation proximately causing her injury, we need not proceed to the muddle of petitioner's argument.

Petitioner's claim rests entirely on the vague assertion (made without citation to the appendix record on appeal[6]) that Mr. Derry testified

> that Kroger violated a multitude of ADA standards and regulations in regards to the restroom area, including but not limited to: signage directing customers to the location of the restrooms; the manner in which the restroom signs should be labeled; how high the signs should be hung so those with disabilities can clearly see them; the structural dimensions of the hallway leading to the restrooms; the size and dimensions of the restrooms; and, the size and dimensions of the stalls in the restrooms.

These nebulous offenses fall short of instigating the proximate cause of petitioner's injury: that is, her entanglement with a large and obvious cautionary sign in the common space of a public restroom. The shortfall remains despite petitioner's assertion that a factual dispute is born of her testimony that she did not use an available accessible restroom because it was improperly labeled under ADA standards. Petitioner maintains that she believed, based on signage on the restroom's outer door, that the accessible restroom was meant for unisex use rather than for accommodation, and that she was fearful of entering a unisex restroom. Petitioner's misapprehension is too remote to be of material value. "A person is not liable for damages which result from an event which was not expected and could not reasonably have been

---

> private cause of action." *See Arbaugh* [*v. Bd. of Educ., County of Pendleton*], 591 S.E.2d [235] at 239 [(W.Va. 2003)]; *see also Lugo v. St. Nicholas Assocs.*, 772 N.Y.S.2d 449, 454–55 (N.Y. Sup. Ct. 2003) (holding that the plaintiff could not proceed on a negligence per se theory as the "plaintiff would effectively be afforded a private right of action that the ADA does not recognize").

*Christian v. United States*, No. 3:12-CV-72, 2013 WL 5913845, at *4 (N.D.W.Va. Nov. 4, 2013). We also note that the stated purpose of the ADA is not to ensure safety, but rather to address and eliminate discrimination against individuals with disabilities. *See* 42 U.S.C. § 12101.

[6] "Supported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error." W.Va. R. App. P. 10(c)(4).

anticipated by an ordinarily prudent person." Syl. Pt. 6, *Puffer v. Hub Cigar Store*, 140 W.Va. 327, 84 S.E.2d 145 (1954), *overruled on other grounds as stated in Mallet v. Pickens*, 206 W.Va. 145, 522 S.E.2d 436 (1999). Petitioner has not shown that respondents would have anticipated that inadequate signage would drive a patron to a non-accessible restroom where she would regard a cautionary sign and then fall as she tried to walk around it. Petitioner has identified no action on the part of respondents that proximately caused her injury.

Moreover, the public is well-served by the open and obvious placement of cautionary signs, the purpose of which is to warn patrons of potential dangers. Such signs must be positioned for maximum efficacy, generally in the direct sight—and sometimes pathways—of those entering hazardous areas. Petitioner urges us to find that respondents created a hazard with the cautionary sign they used to warn of another, but we are loath to condemn an owner or occupier's placement of a cautionary sign in an open and obvious manner to protect the public from harm. In consideration of the need for the sign, the obviousness of the sign, petitioner's acknowledgement of having seen it, and her heedless attempt to circumnavigate it, we observe that the harm, if any, posed by the sign placement did not outweigh the greater burden on respondents to safeguard their guests.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5