364 S.E.2d 43

**Dorothy DAWSON**

v.

**Judy Kay CASEY, d/b/a M & M Motors.**

No. 17348.

Supreme Court of Appeals of
West Virginia.

Dec. 17, 1987.

John P. Anderson, Princeton, for appellant.

Lawrence E. Morhous, Bluefield, for appellee.

PER CURIAM:

This is an appeal by Dorothy Dawson from an order of the Circuit Court of Mercer County denying her motion that the court set aside a jury verdict in a personal injury case. The jury had returned a verdict denying the appellant a recovery. The appellant makes a number of assignments of error, including the assertions that the jury's verdict was contrary to the best evidence in the case, that the charge given by the court to the jury was improper, that the

court erred in admitting certain evidence, and that the court erred in permitting counsel to argue certain points in closing argument. After examining the record, this Court finds no reversible error and accordingly affirms the judgment of the Circuit Court of Mercer County.

At the time of the incident out of which this case arises, the appellee, Judy Kay Casey, who is eighteen years old, operated a used-car business in Mercer County known as M & M Motors. Ms. Casey's father, who is not a party to this proceeding, was responsible for purchasing vehicles for the business and for the handling of sales and inspections of the vehicles.

On September 19, 1984, Ms. Casey purchased, through her father, a 1950 Ford truck. At the time of the purchase Ms. Casey did not examine or inspect the truck extensively. She intended to take it to an auction in North Carolina two days later, September 21, 1984. When she bought the vehicle Ms. Casey was given no warning about any defect or possible defect in it, except that the seller told her that the gears were "real close". The vehicle was equipped with an automatic transmission, but the gearshift handle was broken off at the time of the purchase.

On the day after the vehicle was purchased, a new handle was welded onto the broken portion of the original gearshift handle. Although the vehicle had an automatic transmission, there was no gearshift indicator from which the operator could determine what gear the vehicle was in by observing the position of the gearshift.

After having the gearshift handle replaced, the appellee drove the vehicle and on two occasions noticed that the engine did not sound right, so she stopped the car, placed the transmission in park, and started out again.

On that afternoon the appellee picked up her aunt, Dorothy Dawson, who is the appellant in this proceeding, and invited her for a ride in the truck. The aunt agreed to go, and the parties proceeded to drive in the direction of Tazewell, Virginia. In the course of the drive the engine of the vehicle sounded like it was in low gear. The appellee, instead of slowing down or stopping, tapped the gearshift lever forward with the heel of her hand in an attempt to shift the vehicle into drive. Upon tapping the lever, the appellee heard the back wheels screech and the truck veered to the left, hitting the median in the road and overturning. The accident occurred in Tazewell County, Virginia.

In the accident the appellant, Dorothy Dawson, suffered a shattered scapula, several fractures of her pelvis, and a fractured sacrum. She subsequently instituted this action for damages for her personal injuries.

In the course of the trial the appellee called Lenard Lackey, an auto mechanic and appraiser, as a witness. Mr. Lackey had examined the truck in which the accident had occurred on April 1, 1985, and he testified that it had originally been equipped with a standard transmission, but that the transmission had been modified prior to the appellee's purchase of the vehicle. He indicated that the automatic transmission which had been installed had the normal range of gears, but determined that there was no "stop" or "lock" preventing the transmission from shifting from a forward position into reverse or park. The stop or lock was a mechanism which would have been located below the floorboard of the vehicle. He expressed the opinion that in the absence of a stop or lock the transmission could shift from drive into reverse.

Mr. Lackey also testified that if he were told that the gears on the vehicle were close, that would mean to him that to shift it would only be necessary to move the shift lever a short distance and would not indicate to him that the vehicle would automatically shift from drive into reverse while in operation. When asked whether he would, at fifty miles an hour, tap the gear lever in order to shift the gears, he stated that he would not, but that it would not be unusual for someone to tap the gearshift if he were in drive–1 or drive–2 and desired to go to the drive position.

Another witness called during the trial was William D. Barker, the Virginia state trooper who had investigated the accident.

He indicated that in the accident the truck had made skid marks and that the truck was traveling at approximately fifty miles an hour at the time of the wreck. He testified that the marks were the result of something causing the vehicle "to lock." The speed limit at the scene of the accident was fifty-five miles per hour. On cross-examination he indicated that, in his opinion, the accident was caused by the vehicle going into reverse after the appellee tapped the gearshift lever. He also testified that the truck had overturned when it struck the median.

At the conclusion of the evidence the trial court charged the jury on the law applicable to the case, and the jury returned a verdict for the appellee, the defendant below.

In the present proceeding, which was tried under Virginia substantive law, the appellant's first assertion is that the verdict of the jury as subsequently confirmed by the court was completely contrary to the best evidence as to liability.

In syllabus point 4 of *Skeen v. C & G Corporation*, 155 W.Va. 547, 185 S.E.2d 493 (1971), this Court stated:

A jury verdict approved by the trial court should not be set aside on the ground that it is contrary to the evidence unless in that respect it is clearly wrong.

The Supreme Court of Virginia has indicated that Virginia follows essentially the same standard. *See Norfolk Southern Railway Co. v. Harris*, 190 Va. 966, 59 S.E.2d 110 (1950).

The evidence in the case presently under consideration indicates that the defendant purchased the vehicle in which the appellant was injured one day prior to the accident giving rise to the injury. At the time of the purchase she was informed that the gears were "real close". However, she was not notified that the gears were subject to malfunctioning. On the morning prior to the accident the defendant did experience some trouble in positioning the gear-shift lever in the proper driving setting. However, the gearshift did not go into reverse. Later, immediately prior to the accident, the gearshift again gave her some trouble. At that time the defendant tapped the gearshift lever with the heel of her right hand. There was evidence that it was not unusual for a person to tap the gearshift lever in order to move the gearshift into a lower gear.

This Court believes that the jury reasonably could have concluded from the evidence that the defendant behaved as an ordinary, reasonable man would have behaved under the peculiar circumstances of the case. The jury could also have concluded that the defendant did not have reasonable notice of a defect in the vehicle which she was attempting to operate. Under the circumstances this Court cannot conclude that the jury was clearly wrong in finding for the defendant or that the trial court was clearly wrong in affirming the jury's verdict.

The appellant also complains that the charge prepared by the court, when read with additional instructions offered by the parties, led to confusion with respect to the law applicable to the proof required of the defendant's case, and that as a result the jury was confused as to the law.

In syllabus point 4 of *Nesbitt v. Flaccus*, 149 W.Va. 65, 138 S.E.2d 859 (1964), this Court stated that:

In a civil action no party may assign as error the giving of an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly, the matter to which he objects and the grounds of his objection.

The Supreme Court of Virginia has recognized the same rule. *Spitzli v. Minson*, 231 Va. 12, 341 S.E.2d 170 (1986).

With regard to the charge, the appellant specifically claims that the trial court erred in giving an unavoidable accident instruction. Initially, appellant's counsel suggested there was a problem with an unavoidable accident instruction. The court later asked counsel to be specific as to the objection. The following then transpired:

The Court: I can't remember what your objection was. I think I was inclined to—

Mr. Anderson [appellant's counsel]: Larry, I'm not going to object to that, Your Honor, since he just argued against himself.

The Court: O.K., so there's no objection? It'll be given somewhere.

In view of this, this Court does not believe that it is appropriate on appeal to consider the giving of that instruction. Further, the Court believes that overall the appellant has failed to show that the jury was confused by the court's charge.

The appellant next claims that the court erred in permitting Trooper Barker to give an opinion or conclusion as to the cause of the wreck. Trooper Barker, who was the police officer who investigated the accident giving rise to the appellant's injury, was called as a witness by the appellant. During direct examination, Trooper Barker, in response to the questions of appellant's counsel, expressed opinions as to how far the defendant's truck skid at the time of the accident and the cause of the skid marks at the accident. He also gave an opinion of the speed of the defendant's vehicle at the time of the accident. On redirect examination, he was asked if the defendant had given him any explanation of why the vehicle went left rather than going straight and stopping. He responded:

No, sir. The only thing that I could surmise from the vehicle is where she had her left hand on the steering wheel, and when she was shifting into gears, the way that the road is elevated and cuts to the left that it just—when it locked up, if that's the case, then it followed the roadway to the left.

On re-cross examination defense counsel asked Trooper Barker if there was anything in his investigation which would indicate that the defendant improperly operated the vehicle. Appellant's counsel objected and the court sustained the objection. The court, after argument, allowed defense counsel to repeat the question. He stated:

I'll repeat my question, did you find anything there based upon your investigation that would indicate that Ms. Casey didn't properly operate her motor vehicle other than as you say tapping her gearshift as you indicated?

Trooper Barker indicated that he had concluded that the sole cause of the accident was the fact that the defendant had tapped the gearshift and that the vehicle had then gone into reverse. On additional examination, appellant's counsel read portions of Trooper Barker's investigation report which indicated that the defendant had inattentively shifted her vehicle into reverse while travelling down the highway and that this caused the vehicle to skid off the road to the left and strike a bank. The vehicle then flipped over into the opposite lane. Trooper Barker was asked if this was his conclusion as to how the accident occurred. He indicated that it was.

This Court believes that Trooper Barker's opinion was properly admissible under the collective facts rule stated by the Supreme Court of Virginia in *Virginia Railway & Power Co. v. Burr*, 145 Va. 338, 133 S.E. 776 (1926). The Court also believes that the opinion was admissible under Rule 701 of the West Virginia Rules of Evidence which allows witness opinion rationally based upon the facts observed and known to the witness.

Lastly, the appellant argues that the court erred in permitting counsel for the appellant to argue in his closing remarks the sole thing that caused the accident, based upon Trooper Barker's testimony, was the fact that the vehicle had gone into reverse. In closing argument defense counsel actually stated:

This accident happened because the truck went into reverse. The trooper said that, Mr. Lackey said that, Ms. Casey said that, and Ms. Dawson didn't argue because she doesn't know what happened. Not one shred of evidence that it had ever done that before that Ms. Casey knew about.

Now, when that happened, the trooper told you those wheels locked up. Ms. Casey told you it wasn't power steering, easily controllable. It was an old truck and hard to manage. Those of you have driven vehicles without power steering know how hard sometimes it is to drive.

And certainly when suddenly, unexpectedly your wheels lock up and your vehicle's gone into reverse and you got one hand on the wheel and the road is banked to the left, as the trooper told you it was, and you're going some speed. Mr. Anderson has made a point in saying the speed was about 50 miles an hours. If you recall, the trooper said she could have been going up to 50. And he said he found no evidence of speeding. And he also said he found no evidence of any improper driving on any part of Ms. Casey. But you'll recall what the evidence is.

In reviewing the record, this Court believes that this argument actually reflected the testimony adduced at trial. The testimony on the causation of the accident in question rather clearly indicated that the fact that the truck went into reverse was the immediate cause of the accident. After defense counsel completed this argument, appellant's counsel was afforded an opportunity to, and did, argue that the reason the vehicle went into reverse was the fact that the appellee had attempted to shift gears.

This Court has recognized that a trial court has broad discretion in controlling argument before the jury and that counsel should be afforded wide latitude in presenting a case. *See, Jenrett v. Smith,* 173 W.Va. 325, 315 S.E.2d 583 (1983); *Cavender v. Cline Ice Cream Co.,* 101 W.Va. 3, 131 S.E. 862 (1926). The Court does not believe that the trial court in the present case abused its discretion in allowing the argument of which the appellant complains.

For the reasons stated, the judgment of the Circuit Court of Mercer County is affirmed.

Affirmed.