472 S.E.2d 810

Betty WALTERS, Plaintiff Below, Appellant,

v.

FRUTH PHARMACY, INC., Defendant Below, Appellee.

No. 23082.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1996.

Decided June 13, 1996.

Kenneth P. Hicks, Huntington, for Appellant.

Michael J. Farrell, Charlotte A. Hoffman, Farrell & Farrell, L.C., Huntington, for Appellee.

PER CURIAM:

Betty Walters appeals a jury verdict in the Circuit Court of Wayne County finding Fruth Pharmacy, Inc. not liable for the injuries she suffered when she slipped and fell on an oil puddle in Fruth's parking lot. On appeal, Ms. Walters argues that the circuit court erred in the instructions given to the jury. Because we find that when the jury instructions are considered as a whole, Ms. Walters' assignments of error are without merit, we affirm the decision of the circuit court.

## I.

### FACTS AND BACKGROUND

At shortly after noon on July 3, 1991, Ms. Walters slipped and fell on an oil puddle in Fruth Pharmacy's parking lot in Huntington, Wayne County, West Virginia. Earlier on July 3, 1991 before the store opened, David Jenkins, the manager of Fruth, swept the parking lot. At about 11:00 a.m., he again surveyed the parking lot. Mr. Jenkins testified that he did not see any oil spills on either occasion. At about 12:15, Ms. Walters, who had parked her automobile in an adjacent lot, accompanied her sister to Fruth. Ms. Walters, who had earlier had hip replacement surgery, testified that she was paying particular care walking across Fruth's parking lot. Ms. Walters testified that she was looking straight ahead and did not see the oil spill until she slipped and fell.

Ms. Walters was not using the cane or shoes that had been recommended by her orthopedic surgeon. Ms. Walters and Mr. Jenkins both testified that the oil spill consisted of a black, shiny puddle about one foot in diameter. Mr. Jenkins testified that in his experience, a shiny oil spill indicated that the spill was fresh. Mr. Jenkins testified that oil spills regularly occur in the parking lot, and he and his employees routinely check the parking lot for them. After Mr. Jenkins found Ms. Walters on the ground in the oil puddle, Mr. Jenkins called for an ambulance that transported Ms. Walters to an emergency room. Ms. Walters required extensive hospitalization for her broken leg.

After Ms. Walters was taken to the hospital, Mr. Jenkins spread some cat litter to soak up the oil, his usual procedure for parking lot oil spills. The accident was witnessed by Ms. Walters' sister, who is now deceased, and by two gentlemen; however, no witnesses other than Ms. Walters and Mr. Jenkins testified concerning the accident.

At the close of the evidence, both parties submitted jury instructions. Ms. Walters' lawyer objected to Defendant's Instruction Nos. 5 and 9. Defendant's Instruction No. 5 was given without amendment and Defendant's Instruction No. 9 was given as amended. Both parties also proffered instructions regarding comparative negligence, which were given by the circuit court. The comparative negligence instructions directed the jury that, in the event they found negligence by Fruth, they were to examine Ms. Walters' conduct for contributory negligence that was to be compared with Fruth's negligence. The verdict form, consisting of six (6) questions, complied with the comparative negligence instructions.

Following the standard charge and the jury instructions, the jury withdrew. Thereafter, the jury sent a note to the circuit court requesting to see the instructions. The circuit court reread the instructions rather than providing copies to the jury. After less than two hours of deliberations, the jury returned a verdict. Using the special verdict form, the jury answered "no" to the initial question, "Was the defendant, Fruth Pharmacy, Incorporated, guilty of any negligence?" As directed by the instructions, the jury did not answer any of the other questions. Based on the jury verdict on June 25, 1993, the circuit court entered a judgment order against Ms. Walters.

Ms. Walters, contending that she was prejudiced by erroneous and confusing instructions regarding comparative negligence, appealed to this Court.

## II.

### JURY INSTRUCTIONS

The only issue on appeal concerns jury instructions. Specifically, Ms. Walters alleges that Defendant's Instruction No. 9 misapplied our rule on comparative negligence and that Defendant's Instruction No. 5 is confusing concerning the burden of proof. Ms. Walters maintains that Defendant's Instruction No. 9 incorporated the disregarded doctrine of contributory negligence.[1] Defendant's Instruction No. 9 states:

---

**1.** During oral argument, counsel for Ms. Walters argued that Defendant's Instruction No. 9 did not accurately portray the duty owed by Fruth to Ms. Walters, an invitee. *See Cavender v. Fouty,*

195 W.Va. 94, 464 S.E.2d 736 (1995) (per curiam) and *Miller v. Monongahela Power Co.,* 184 W.Va. 663, 403 S.E.2d 406, *cert. denied,* 502 U.S.

The law of West Virginia provides that a merchant such as Fruth Pharmacy has a duty to keep its parking lot premises safe only as to defects or conditions which are not known to the customer and would not be observed by her in the exercise of ordinary care.

If the jury believes from the preponderance of the evidence that Betty Walters slipped on an oil spot and that the oil spot was not hidden from her and should have been observed by her in the exercise of ordinary care, then you may find that her conduct caused the fall and your verdict may be for Fruth Pharmacy.

*Burdette v. Burdette,* 147 W.Va. 313 [316], 127 S.E.2d 249, 252 (1962).

Ms. Walters also contends that the trial court gave inconsistent instructions on who must prove negligence. Ms. Walters notes that Defendant's Instruction No. 5 says that "the burden of proof is always upon the plaintiff for all three phases of the case," and that Plaintiff's Instruction No. 8 says that "the defendant ... [has] to prove negligence on the part of the plaintiff." [2]

▮ Recently in Syl. pt. 6 of *Tennant v. Marion Health Care Foundation,* 194 W.Va. 97, 459 S.E.2d 374 (1995), we stated:

863, 112 S.Ct. 186, 116 L.Ed.2d 147 (1991) for a discussion of the duty owed to invitees.

We decline to address the issue of where the instruction correctly stated the duty owed to an invitee because it was not argued in Ms. Walters' brief, and the objection at trial, although general, referred the circuit court to Ms. Walters' concerns about a confusion between comparative and contributory negligence. *See* Syl. pt. 2, *Dawson v. Casey,* 178 W.Va. 717, 364 S.E.2d 43 (1987) (per curiam), *citing,* Syl. pt. 4., *Nesbitt v. Flaccus,* 149 W.Va. 65, 138 S.E.2d 859 (1964) (required counsel with objections to jury instructions to state "distinctly the matter to which he objects and the grounds of his objection").

2. In its entirety, Defendant's Instruction No. 5 states:

Fruth Pharmacy does not have any burden to prove that it was without negligence in this case. On the contrary, the burden of proof is always upon the plaintiff for all three phases of the case. Plaintiff must prove, by a preponderance of the evidence that Fruth Pharmacy was negligent. If plaintiff proves that Fruth Pharmacy was negligent, she must also prove that

The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

*In accord* Syl. pt. 6, *Voelker v. Frederick Business Properties Company,* 195 W.Va. 246, 465 S.E.2d 246 (1995). Because of the broad discretion granted to the circuit court in the formulation of jury instructions, we apply an abuse of discretion standard in this case. In addition, non-binding jury instructions are not considered in isolation, but, rather, we consider whether "the instructions given as a whole are accurate and fair to both parties." *Id.* We have long held that "doubtful construction" of one non-binding instruction is insufficient to disturb a verdict. Syl. pt. 3, *Lambert v. Great Atlantic & Pacific Tea Co.,* 155 W.Va. 397, 184 S.E.2d 118 (1971), states:

Instructions must be read as a whole, and if, when so read, it is apparent they could not have misled the jury, the verdict will not be disturbed, through [sic] one of said instructions which is not a binding

the negligence proximately caused the fracture of the left leg. Even if the jury believes that a fracture occurred as a result of negligence, plaintiff must also prove that the alleged present inability to walk resulted from the July 3, 1991 fall rather than other causes before damages can be awarded for an inability to walk. If the plaintiff fails to meet her burden on negligence or causation, you may return a verdict in favor of Fruth Pharmacy in accordance with these instructions.

Although Ms. Walters' brief cites to the record for a discussion of the defendant's duty, Plaintiff's Instruction No. 8 discusses the "duty of the defendant ... to prove negligence on the part of the plaintiff." In its entirety, Plaintiff's Instruction No. 8 states:

The defendant has asserted that plaintiff was herself negligent in this case. The Court instructs that you are to presume that plaintiff exercised ordinary and reasonable care in walking in defendant's parking lot. It is the burden of the defendant to rebut this presumption and prove negligence on the part of the plaintiff.

See *Addair v. Bryant,* [168 W.Va. 306] 284 SE 2nd [sic] 374 (Wv [sic] 1981).

instruction may have been susceptible of a doubtful construction while standing alone. *In accord* Syl. pt. 7, *Voelker v. Frederick Business Properties Company, supra;* Syl. pt. 7, *Tennant v. Marion Health Care Foundation, supra;* Syl. pt. 6, *Michael on Behalf of Estate of Michael v. Sabado,* 192 W.Va. 585, 453 S.E.2d 419 (1994); Syl. pt. 3, *Lenox v. McCauley,* 188 W.Va. 203, 423 S.E.2d 606 (1992); Syl. pt. 2, *Roberts v. Stevens Clinic Hospital, Inc.,* 176 W.Va. 492, 345 S.E.2d 791 (1986).

■ In the case *sub judice,* Defendant's Instruction No. 9, although drawn from *Burdette v. Burdette, supra,* a suit involving an injured invitee that was decided before this Court adopted comparative negligence in *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979), does not instruct the jury on the doctrine of comparative negligence. Fruth argues Defendant's Instruction No. 9 was meant to describe its duty toward invitees and what constituted a breach of those duties. Fruth points out that the doctrine of comparative negligence was explained in Plaintiff's Instruction No. 9 and Defendant's Instruction No. 13.[3]

In *Bradley v. Appalachian Power Co.,* 163 W.Va. at 342–43, 256 S.E.2d at 885, we stated:

The requirements of proximate cause have not been altered by the new rule. Consequently, before any party is entitled to recover, it must be shown that the negli-

---

3. Plaintiff's Instruction No. 9 states:

The Court instructs to the jury that if you find from a preponderance of the evidence in this case that the Defendant failed to exercise such care and caution as an ordinary, prudent and reasonable person would have exercised in the same or similar circumstances, conditions and surroundings; and if you further believe from a preponderance of the evidence in this case that Plaintiff's failure to exercise ordinary care proximately contributed to her injuries, then you may find that the Plaintiff is guilty of contributory negligence, and then you must perform a further task.

Under West Virginia law, if a Plaintiff is guilty of contributory negligence which proximately caused or contributed to the Plaintiff's injuries, and if a Defendant is guilty of negligence which also caused or contributed thereto, then the jury must apportion their respective negligence, that is to compare percentagewise the contributory negligence of the Plaintiff to the negligence of the Defendant and assign a percentage figure to their negligence and contributory negligence.

The sum of negligence of all the parties to a given accidentcannot [sic] exceed 100%. If you find from a preponderance of the evidence after having assigned a proportion or degree of total negligence, if any, among the parties, that the Plaintiff was herself guilty of contributory negligence which proximately caused or contributed to her injuries, and that such negligence or fault on the part of the Plaintiff equalled [sic] or exceeded the negligence, if any, of the Defendant, then you must find for the Defendant, and you may not under such circumstances award the Plaintiff any damages.

If, however, the jury believes from a preponderance of all the evidence presented in the case, after having assigned the proportion or degree of the total negligence, if any, among the .parties, that the Plaintiff was guilty of contributory negligence which proximately caused or contributed to her injuries, you may nonetheless find for the Plaintiff and against the Defendant, if you further likewise find that the negligence of the Defendant which proximately caused or contributed to the injuries exceeded or was greater than the negligence of the Plaintiff.

The jury shall indicate of [sic] the verdict sheet which shall be provided by the Court the proportion or degree of contributory negligence, if any, of the plaintiff [sic], and the negligence, if any, of the Defendant which proximately caused or contributed to the injuries of the Plaintiff, if any, in such a way to show that the total negligence of both of them to equal 100%.

Defendant's Instruction No. 13 states:

The law of West Virginia provides that a jury shall assign a percentage of negligence or fault to each person who caused or contributed to the alleged injuries.

Negligence or fault is an action or failure to act as a reasonable person would act in the same or similar situation.

If you find from a preponderance of the evidence that Fruth Pharmacy reasonably inspected the parking lot by and through the actions of David Jenkins, its manager, then you may find that Fruth Pharmacy was not negligent and, therefore, is entitled to a verdict in its favor.

However, if you find from a preponderance of the evidence that Fruth Pharmacy was negligent, then you must also assess the negligence, if any, of Betty Walters. If you conclude that Betty Walters received and failed to follow an instruction given to her by Dr. Kyle Hegg regarding use of a cane when walking and that her failure to obey the instruction and failure to use a cane on July 3, 1991 in the parking lot was negligent, then you may assign a percentage of negligence to Betty Walters which accurately reflects her responsibility for her own injuries.

gence of the defendant was the proximate cause of the accident and subsequent injuries. The same is true of contributory fault or negligence. Before it can be counted against a plaintiff, it must be found to be the proximate cause of his injuries.

When we consider Defendant's Instruction No. 9 in light of all the jury instructions given in this case, we find no merit to Ms. Walters' alleged error concerning confusion with or a return to the doctrine of contributory negligence. Although we find no merit in Ms. Walters' assignment of error concerning this instruction, we caution against interpreting this conclusion as an endorsement of this instruction because other objections could have been presented to the circuit court and to this Court, and these other concerns are not addressed herein.[4]

In his objection to Defendant's Instruction No. 5, counsel for Ms. Walters specifically objected to the first two sentences arguing that these two sentences were inconsistent with Fruth's burden under comparative negligence to prove Ms. Walters' negligence.[5] Plaintiff's Instruction No. 8, which was given, places the burden for an allegation of negligence by Ms. Walters on Fruth.[6]

 In *Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. at 116 n. 25, 459 S.E.2d at 393 n. 25, we said:

> On appeal, the question of whether a jury has been properly instructed is to be determined not upon consideration of a single paragraph, sentence, phrase, or word, but upon the charge as a whole.

For support, Ms. Walters refers to Syl. pt. 8, *John D. Stump & Associates, Inc. v. Cunningham Mem. Park, Inc.,* 187 W.Va. 438, 419 S.E.2d 699 (1992), which finds reversal error in giving inconsistent jury instructions. However, *John D. Stump & Associates Inc. v. Cunningham Mem. Park, Inc.* is factually distinguishable because in this case the instructions are not inconsistent.

 Although we agree that when considered in isolation Defendant's Instruction No. 5 has the potential for confusing the jury and should be avoided because of the potential confusion, and because Defendant's Instruction No. 5 must be considered in combination with the other instructions, we find that any question the jury may have had about who has the burden of proof is adequately answered. We strongly caution against giving jury instructions that have the potential for confusion, even though an instruction is not considered in isolation, because in a given case, the other instructions may not be sufficiently clear to ameliorate any confusion created by a poorly worded instruction.

Based on our examination of the record and our reading of the jury instructions as a whole, we find that the circuit court did not abuse its discretion in giving Defendant's Instruction Nos. 9 and 5.

For the above stated reasons, we affirm the order of the Circuit Court of Wayne County.

Affirmed.

---

4. *See* note 1 for a discussion of waived objections.

5. *See* note 2 for the text of Defendant's Instruction No. 5.

6. *See* note 2 for text of Plaintiff's Instruction No. 8.