624 S.E.2d 520

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Helen Regina WEBSTER, Defendant Below, Appellant.**

**No. 32510.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 14, 2005.

Decided Nov. 29, 2005.

---

Paul S. Detch, Esq., Joshua L. Edwards, Esq., Paul S. Detch, Law Office, Inc., Lewisburg, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Robert D. Goldberg, Esq., Assistant Attorney General, Charleston, for Appellee.

MAYNARD, Justice:

This case is before this Court upon appeal of a final order of the Circuit Court of Greenbrier County entered on January 20, 2004. In that order, the appellant and defendant below, Helen Regina Webster, was found guilty of the offense of domestic battery [1] and was sentenced to five days in jail. The sentence was suspended, however, and the appellant was placed on unsupervised probation for one year.

In this appeal, the appellant argues that the circuit court erred by not allowing her counsel to make a closing argument following the presentation of evidence at her bench trial. She also contends that the circuit court erred by not allowing her to introduce evidence of prior acts of violence by the victim toward her to show that she acted in self-defense. The appellant requests that her conviction be reversed and that she be granted a new trial.

This Court has before it the petition for appeal, the entire record, and the briefs of counsel. For the reasons set forth below, the appellant's conviction is reversed, and this case is remanded for a new trial.

## I.

## FACTS

The appellant, Helen Regina Webster, owns and operates a pawn shop in White Sulphur Springs, West Virginia. She has a license to sell firearms. On July 31, 2003, the appellant went to the residence of her ex-husband, John Cargile. The appellant and Mr. Cargile's divorce had become final a few months before, but the division of marital property had not been completed. Accord-

---

1. *See* W.Va.Code § 61–2–28(a) (2001).

ing to the appellant, she and Mr. Cargile agreed to meet at his trailer to attempt to make a division of their marital property.

The appellant admits that she had a couple of drinks before she went to Mr. Cargile's residence.[2] Upon arrival, the appellant took a can of spray paint and painted "How do you like me now?" on the grass in Mr. Cargile's front yard. Thereafter, the appellant entered the trailer followed by Mr. Cargile. The appellant claims that upon entering the residence she realized that Mr. Cargile had taken several rifles belonging to her business so she decided to look around for other items from her shop.[3] As the appellant searched the trailer, Mr. Cargile followed her. A physical altercation ensued, and Mr. Cargile called the police.

According to Mr. Cargile, after the appellant searched his residence, she began to punch, kick, and scratch him. He says that the physical abuse continued for approximately two minutes, at which time the appellant's son came in and took his mother outside to her truck.[4] When the police arrived at the scene, the appellant was sitting in her truck outside of Mr. Cargile's trailer. Following an investigation,[5] the appellant was charged with domestic battery.

The appellant was convicted in magistrate court on October 1, 2003. She appealed the conviction and a bench trial was held in the Circuit Court of Greenbrier County. The circuit court found the appellant guilty on January 13, 2004. She was sentenced to five days in jail, but the sentence was suspended, and she was placed on unsupervised probation for one year. The final order was entered on January 20, 2004, and this appeal followed.

## II.

### STANDARD OF REVIEW

As set forth above, the appellant has alleged two errors in this appeal. In particu-

lar, the appellant asserts that the circuit court erred by refusing to permit her counsel to make a closing argument. This issue presents a question of law. In Syllabus Point 1 of *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995), this Court held that, "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."

The appellant also contends that the circuit court erred by not allowing her to present certain evidence during her trial. This Court has held that, " 'The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.' Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds, State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994)." Syllabus Point 1, *State v. Calloway*, 207 W.Va. 43, 528 S.E.2d 490 (1999). With these standards in mind, we now consider whether the circuit court erred in its rulings.

## III.

### DISCUSSION

■ The appellant first contends that the circuit court erred by refusing to allow her counsel to make a closing argument during her bench trial. In support of her argument, the appellant relies upon *Herring v. New York*, 422 U.S. 853, 859, 95 S.Ct. 2550, 2554, 45 L.E.2d 593, 598 (1975), a case in which the United States Supreme Court declared that "the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense." In response, the State concedes that the circuit court erred by not allowing

---

2. The police officer who was called to the scene gave the appellant a preliminary breath test which showed that she was under the influence of alcohol.

3. Mr. Cargile claims that the guns were gifts.

4. The appellant's son had been working across the street from Mr. Cargile's residence.

5. The investigating police officer took several pictures of Mr. Cargile which showed scratches on his arms, shoulders, and around his left ear.

defense counsel to present a summation following the close of evidence.

The record supports the appellant's assertion that her counsel was denied the right to make a closing argument. After the defense rested, the Court immediately began to issue a verdict. Defense counsel objected and asked for a mistrial stating,

> I haven't had a closing argument or an opportunity to discuss any of this. We haven't had an opportunity to present any findings of fact. And you're making a decision on this, Your Honor, I find that you have not given her a fair trial here, Your Honor.

The court noted the objection and replied, "I've heard enough and don't want to hear any closing argument, very candidly, and it's my option."

The court clearly erred by refusing to allow the appellant's counsel to make a closing argument. In *Herring,* the Court explained,

> The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may seem, unless he has waived his right to such argument, or unless the argument is not within the issues in the case, and the trial court has no discretion to deny the accused such right.

422 U.S. at 860, 95 S.Ct. at 2554, 45 L.E.2d at 599, *quoting Yopps v. State,* 228 Md. 204, 207, 178 A.2d 879, 881 (1962). Accordingly, we must reverse the appellant's conviction. The appellant is entitled to a new trial because "a closing argument is a part of the trial, and a failure to allow the argument cannot be separated from the trial as a whole." *State v. Lovins,* 177 Or.App. 534, 538, 33 P.3d 1060, 1063 (2001). *See also Thomas v. United States,* 473 A.2d 378, 378 (D.C.1984) (finding that the trial court could not satisfy the *Herring* right by allowing defense counsel to present a closing argument at a hearing following the defendant's trial and conviction); *M.E.F. v. State of Florida,* 595 So.2d 86, 87 (Fla.Dist.Ct.App.1992) (finding that allowing closing argument to be presented in writing following defendant's trial and conviction did not cure the error).

Therefore, we hold that a defendant in a criminal case has a right to present a closing argument at trial and the failure of a court to allow the defendant the opportunity to present an oral closing argument at trial constitutes reversible error that cannot be cured upon appeal by remand of the case for the purpose of permitting an oral closing argument post-trial.

> This is not to say that closing arguments in a criminal case must be uncontrolled or even unrestrained. The ... judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations. He [or she] may limit counsel to a reasonable time and may terminate argument when continuation would be repetitive or redundant. [The judge] may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial. In all these respects [the judge] must have broad discretion

*Herring,* 422 U.S. at 862, 95 S.Ct. at 2555, 45 L.E.2d at 600.[6]

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Greenbrier County entered on January 20, 2004, is reversed, and this case is remanded for a new trial.

Reversed and remanded.

---

6. Having found that the appellant is entitled to a new trial, we need not address her second assignment of error regarding the circuit court's failure to allow her to present certain evidence at trial.