# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-1436** (Berkeley County 11-F-199)

**Ricky D. Webster,**
**Defendant Below, Petitioner**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ricky D. Webster, by counsel Sherman L. Lambert Sr., appeals the Circuit Court of Berkeley County's order entered on November 1, 2012, that denied his motion for a new trial, and sentenced him to the statutory term of not less than ten nor more than twenty-five years for the offense of sexual assault in the second degree, and to the statutory term of not less than two nor more than ten years for the offense of assault during the commission of a felony, with sentences to run concurrently. Petitioner was further sentenced to twenty years of supervised release. The State, by counsel Cheryl K. Saville, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 23, 2011, petitioner raped K.H.[1] in the area of Commerce Street, just off North Queen Street, in Martinsburg, West Virginia. Petitioner and the victim were acquaintances. K.H. was drinking with some friends at the Moose Lodge that evening. She called petitioner on her cell phone to talk. He invited her to a party nearby. K.H. left the Moose Lodge around 11:30, and met petitioner to go to the party for some drinks. On the way to the party, petitioner grabbed K.H. by her neck, dragged her by the hair across a gravel road to a remote location, and brutally raped her. Afterward, K.H. called 911, and she was treated for her injuries at an area hospital.

In October of 2011, a grand jury indicted petitioner on charges of two felony counts of sexual assault in the second degree and one felony count of assault during the commission of a felony. After a three-day trial in July of 2012, a jury returned a verdict convicting petitioner of Count Two, sexual assault in the second degree, and Count Three, assault during the commission of a felony. The jury acquitted petitioner on Count One, a separate charge of sexual assault in the

---

[1]In view of the sensitive nature of this case, this Court will refer to the victim by her initials. *Clifford K. v. Paul S.*, 217 W.Va. 625, 630 n.1, 619 S.E.2d 138, 143 n.1 (2005).

1

second degree.

On October 15, 2012, the matter came before the court for a hearing on post-trial motions and for sentencing. The circuit court denied petitioner's motion for a new trial, and sentenced him as set forth above. The final order was entered on November 1, 2012, and this appeal followed.

Petitioner raises two assignments of error in this appeal, including an ineffective assistance of counsel claim. Petitioner also contends that the circuit court erred by imposing strict time limitations on closing summation. For the reasons set forth below, we affirm the order of the circuit court.

Petitioner raises an ineffective assistance of counsel claim as his first assignment of error. Traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal.

> We have urged counsel repeatedly to think of the consequences of raising this issue on direct appeal. Claims that an attorney was ineffective involve inquiries into motivation behind an attorney's trial strategies. *See State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Without such facts trial counsel's alleged lapses or errors will be presumed tactical moves, flawed only in hindsight. What is more, in the event a defendant pursues his claim on direct appeal and it is rejected, our decision will be binding on the circuit court through the law of the case doctrine, 'leaving [defendant] with the unenviable task of convincing the [circuit court] judge that he should disregard our previous ruling.' *U.S. v. South,* 28 F.3d 619, 629 (7th Cir.1994). That is why in *Miller* we suggested that a defendant who presents an ineffective assistance claim on direct appeal has little to gain and everything to lose.

*State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 317 n.1, 465 S.E.2d 416, 419 n.1 (1995).

We decline to address this issue on direct appeal because the record is insufficient. The claim of ineffective assistance of counsel would more appropriately be addressed pursuant to a petition for writ of habeas corpus. If he desires, petitioner may pursue a petition for writ of post-conviction habeas corpus. We express no opinion on the merits of this issue or of any habeas petition.

Petitioner's remaining assignment of error is that the circuit court erred by not providing notice to counsel, and then imposing a thirty-minute time limitation on closing summation. He argues that the purpose of West Virginia Trial Court Rule 42.04(b) is to provide an opportunity for counsel to give a closing summation to the jury without the circuit court intermittently interrupting with a "stop watch" approach to the remaining time left.

To resolve this issue, this Court employs the standard of review articulated in Syllabus Point 3 of *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000):

2

In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

We also note that "a trial court has broad discretion in controlling argument before the jury and that counsel should be afforded wide latitude in presenting a case." *Dawson v. Casey*, 178 W.Va. 717, 721, 364 S.E.2d 43, 47 (1987).

The West Virginia Trial Court Rules state, in pertinent part, that "[t]he time of [closing] argument in any case may be determined and regulated by the court, but the convenience of counsel will be consulted." T.C.R. 42.04(b). Additionally, the United States Supreme Court has found that the

judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations. He [or she] may limit counsel to a reasonable time and may terminate argument when continuation would be repetitive or redundant. [The judge] may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial. In all these respects [the judge] must have broad discretion.

*Herring v. New York*, 422 U.S. 853, 862 (1975). *Herring* was quoted with approval by this Court in *State v. Webster*, 218 W.Va. 173, 176, 624 S.E.2d 520, 523 (2005).

In the instant proceeding, the circuit court afforded petitioner's counsel the opportunity to make a closing summation. The circuit court gave cues to petitioner's counsel during his closing summation indicating how much time he had remaining. Petitioner's counsel even stopped to ask how much time he had left during one exchange. Furthermore, the record reflects that petitioner's counsel was provided some additional latitude when the circuit court gave him a final warning to take a minute to wrap up since he was "already over time."

We find no indication from a plain reading of the record that petitioner was prejudiced in any way or that counsel's argument suffered due to the circuit court's time limitation on closing summation. Therefore, this Court does not conclude that the circuit court abused its discretion or deprived petitioner of a fair trial.

For the foregoing reasons, we affirm the order of the Circuit Court of Berkeley County, entered on November 1, 2012.

Affirmed.

3

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II