# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0673** (Calhoun County 18-F-5)

**Joshua Michael Settle,**
**Defendant Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joshua Michael Settle, by counsel Robert F. Evans, appeals the July 1, 2019, sentencing order of the Circuit Court of Calhoun County. Respondent State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 19, 2017, at approximately 10:30 p.m., West Virginia State Trooper N.S. Stepp was conducting a stationary patrol in his marked Chevrolet Impala at the intersection of U.S. Route 33 and W.Va. Route 16 in Calhoun County. Trooper Stepp observed petitioner's blue 1996 Chevrolet Cavalier ("vehicle") travelling east on Route 33 and displaying a defective registration light.[1] Trooper Stepp activated his police lights to initiate a traffic stop on petitioner's vehicle.

---

[1]When operative, a vehicle's registration light makes its license plate visible. *See* W. Va. Code § 17C-15-5(c) (providing, in pertinent part, that "[e]ither a tail lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty feet to the rear").

1

Petitioner activated his emergency lights but did not pull over. Petitioner turned on Route 16 and then abruptly turned onto Daniels Run Road and increased his speed. Petitioner crashed his vehicle, and the vehicle landed on its roof.

Trooper Stepp approached petitioner's crashed vehicle with his firearm drawn. Pursuant to Trooper Stepp's directives, petitioner attempted to crawl out of his vehicle. Trooper Stepp pulled petitioner out of the vehicle by forceful means, including the grabbing of petitioner's face, after petitioner reached back inside the vehicle. A struggle ensued between Trooper Stepp and petitioner after Trooper Stepp attempted to handcuff petitioner. Trooper Stepp used pepper spray and his baton to subdue petitioner. During the scuffle, petitioner ripped buttons and the lapel off the trooper's uniform. Petitioner further attempted to grab Trooper Stepp's firearm. Eventually, Trooper Stepp overpowered petitioner and took him into custody. Petitioner was taken for medical treatment following his arrest; photographs of his injuries are included in the appellate record and show petitioner bloody and wearing a neck brace.

On January 2, 2018, petitioner was indicted in the Circuit Court of Calhoun County in an eight-count indictment that included the following charges: (1) attempting to disarm a law enforcement officer, a felony; (2) obstructing an officer, a misdemeanor; (3) fleeing from an officer, a misdemeanor; (4) battery on an officer, a misdemeanor; (5) defective equipment, a misdemeanor; (6) driving while suspended, third offense, a misdemeanor; (7) possession of a controlled substance (marijuana), a misdemeanor; and (8) destruction of property, a misdemeanor.

The circuit court held petitioner's trial on these charges on March 5 and 6, 2019. The footage from Trooper Stepp's dashboard-mounted camera ("dashcam") was admitted into evidence and published to the jury.[2] Trooper Stepp testified.[3] Petitioner did not testify. The circuit court included an instruction regarding self-defense in its charge to the jury, which reads as follows:

> One of the questions to be determined by you in this case is whether or not [petitioner] acted in self-defense so as to justify his acts. Under the laws of this state, a person who is subject to an attempted unlawful arrest may use such reasonable force, proportioned to the injury attempted on him, as is necessary to effect his escape, but no more, and he cannot do this by using or offering to use a deadly weapon, if he has no reason to believe that he will receive greater injury than a mere unlawful arrest.

> The circumstances under which [petitioner] acts must have been such as to produce in the mind of a reasonable prudent person, similarly situated, the reasonable belief that his arrest was unlawful, and that he must do what is required

---

[2]Most of the struggle between petitioner and Trooper Stepp occurred off camera; however, the viewer can hear the struggle between petitioner and Trooper Stepp except for a forty-seven second interval where there is no audio.

[3]In addition to Trooper Stepp, the State presented the testimony of various other witnesses.

to escape. For purposes of making this determination, an "unlawful arrest" is physically detaining a person or depriving a person of his or her liberty, without proper legal authority.

If evidence of self-defense is present, the State must prove beyond a reasonable doubt that [petitioner] did not act in self-defense. If you find that the State has failed to prove beyond a reasonable doubt that [petitioner] did not act in self-defense, you must find [petitioner] not guilty. In other words, if you have a reasonable doubt as to whether or not [petitioner] acted in self-defense, your verdict must be not guilty.

Petitioner objected to the circuit court's definition of "unlawful arrest," i.e., "physically detaining a person or depriving a person of his or her liberty, without proper legal authority," asserting that it was too narrow. Petitioner argued that "excessive force used in the making of an arrest can also render that arrest to be without proper legal authority." The circuit court rejected that argument, finding that petitioner's position was "not the law."

Petitioner sought to clarify whether he could argue to the jury that Trooper Stepp "perpetuated an assault on [petitioner], and that even with probable cause to make an arrest for fleeing, [petitioner] had the right to defend himself against an unlawful assault." The State objected, arguing that the issue of whether criminal charges would be possible against Trooper Stepp was irrelevant to the determination of petitioner's guilt or innocence. The circuit court sustained the State's objection, finding that Trooper Stepp was "not on trial here." The circuit court ruled that petitioner was permitted to discuss the actions Trooper Stepp took to subdue petitioner and the amount of force Trooper Stepp used in doing so, but that petitioner could not accuse Trooper Stepp of a crime during closing arguments. Petitioner preserved his objections to the circuit court's rulings.

After the circuit court's charge and the parties' closing arguments, the jury, during their deliberations, asked to view the dashcam video again; the court complied with that request. Subsequently, the jury reached a verdict, finding petitioner guilty on all eight counts of the indictment. By sentencing order entered on July 1, 2019, the circuit court imposed the following sentences upon petitioner: (1) one to five years of incarceration for attempting to disarm a law enforcement officer, a felony; (2) one year of incarceration for obstructing an officer, a misdemeanor; (3) one year of incarceration and a fine of $500 for fleeing from an officer, a misdemeanor; (4) one year of incarceration for battery on an officer, a misdemeanor; (5) a fine of $100 for defective equipment, a misdemeanor; (6) ninety days of incarceration and a fine of $500 for driving while suspended, third offense, a misdemeanor; (7) six months of incarceration for possession of a controlled substance (marijuana), a misdemeanor; and (8) one year of incarceration for destruction of property, a misdemeanor. The circuit court ordered petitioner to serve his terms of incarceration consecutively.

It is from the circuit court's July 1, 2019, sentencing order that petitioner appeals. On appeal, petitioner questions whether the circuit court erred in denying his request to instruct the jury on the use of excessive force in an arrest. "As a general rule, the refusal to give a requested

jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 2, *State v. Wasanyi*, 241 W. Va. 220, 821 S.E.2d 1 (2018) (quoting Syl. Pt. 1, *State v. Hinkle*, 200 W. Va. 280, 489 S.E.2d 257 (1996)). In Syllabus Point 3 of *Wasanyi*, we further held that:

> "[a] trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense." Syl. Pt. 11, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

241 W. Va. at 221, 821 S.E.2d at 2.

The parties agree that the circuit court gave the proper instruction as set forth in the syllabus of *State v. Gum*, 68 W. Va. 105, 69 S.E. 463 (1910).[4] Petitioner further concedes that Trooper Stepp had probable cause to arrest petitioner because he fled from Trooper Stepp. However, petitioner argues that the jury should have been instructed that Trooper Stepp's use of excessive force rendered an otherwise lawful arrest unlawful. The State counters that the two cases relied upon by petitioner for this proposition, *Graham v. Connor*, 490 U.S. 386 (1989), and *Tennessee v. Garner*, 471 U.S. 1 (1985), are inapposite. We agree with the State.

*Graham* and *Garner* were civil actions pursuant to Title 42, § 1983 of the United States Code, in which the Supreme Court held that civil damages may exist when a person's Fourth Amendment rights are violated. *Graham*, 490 U.S. at 388; *Garner*, 471 U.S. at 5. As neither *Graham* nor *Garner* addressed the issue of jury instructions in a criminal trial where the defendant's actions—not the law enforcement officer's actions—are at issue, we find that petitioner's reliance upon *Graham* and *Garner* is misplaced. Therefore, we conclude that the circuit court did not err in finding that it would have been improper to instruct the jury that the use of excessive force renders an otherwise lawful arrest unlawful as that is not a correct statement of the law. *See Reed v. Pompeo*, 240 W. Va. 255, 262, 810 S.E.2d 66, 73 (2018) (stating that "[t]o be lawful, [an] arrest must be supported by probable cause") (Footnote omitted).

Petitioner further argues that the circuit court erred in prohibiting petitioner, during his closing argument, from characterizing Trooper Stepp's actions as criminal. "A defendant in a

---

[4]In Syllabus of *State v. Gum*, 68 W. Va. 105, 69 S.E. 463 (1910), this Court held that:

> [i]f an attempted arrest be unlawful, the party sought to be arrested may use such reasonable force, proportioned to the injury attempted upon him, as is necessary to effect his escape, but no more; and he cannot do this by using or offering to use a deadly weapon, if he has no reason to apprehend a greater injury than a mere unlawful arrest. Instructions to the jury, not so limited, were properly refused.

criminal case has a right to present a closing argument at trial[.]" Syl. Pt. 2, in part, *State v. Webster*, 218 W. Va. 173, 624 S.E.2d 620 (2005). In syllabus point 2 of *State v. Simon*, 132 W. Va. 322, 52 S.E.2d 725 (1949), we held that:

> "[t]he discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom." Pt. 3, syl., *State v. Boggs*, 103 W.Va. 641, 138 S.E. 321 [(1927)].

Here, Trooper Stepp testified that because petitioner struggled with Trooper Stepp and would not allow himself to be handcuffed, Trooper Stepp had to escalate his responses by stages: first, pepper spray; next, baton strikes to pressure points such as between the hip and the knee; and, finally, baton strikes to petitioner's head when petitioner tried to take the officer's gun. Petitioner counters that "[t]he majority, if not all, of [Trooper Stepp]'s actions occur[red] prior to [p]etitioner trying to grab the trooper's firearm." Having reviewed petitioner's trial transcript, we find that the jury could have reasonably believed Trooper Stepp's testimony that he performed baton strikes to petitioner's head only after petitioner attempted to grab Trooper Stepp's firearm. *See* Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995) (holding that "[c]redibility determinations are for a jury").

As to petitioner's claim regarding closing argument, we found in *Guthrie*, that "[a] proper closing argument in a criminal case involves the summation of evidence, any reasonable inferences from the evidence, responses to the opposing party's argument, and pleas for law enforcement generally." *Id.* at 678 n.27, 461 S.E.2d at 184 n.27. Here, petitioner acknowledges that the circuit court permitted him to sum up the evidence by addressing the dashcam footage, the force used by Trooper Stepp, and petitioner's injuries. However, we note that the circuit court "may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial" and, in so doing, "must have broad discretion." *Webster*, 218 W. Va. at 176, 624 S.E.2d at 523 (quoting *Herring v. New York*, 422 U.S. 853, 862 (1975)). Based upon our review of Trooper Stepp's testimony and the dashcam video, we conclude that the circuit court did not abuse its discretion in prohibiting petitioner from characterizing Trooper Stepp's actions as criminal.

For the foregoing reasons, we affirm the circuit court's July 1, 2019, sentencing order.

Affirmed.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison