[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING DEFENDANT'S MOTION TO STRIKE
The issue before the court is whether the plaintiff can recover damages for the emotional distress he sustained by witnessing his friend fatally injured as a result of a car accident allegedly caused by the negligence of the defendant. The court finds that a claim for bystander emotional distress is not available to a friend of the deceased and therefore grants the motion to strike Counts four, five and six of the Amended Complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) The role of the trial court in ruling on a motion to strike is to "examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. Cigna Health Care of Connecticut, Inc.,238 Conn. 216, 232 (1996).
Viewing the facts in the light most favorable to the plaintiff, the Amended Complaint alleges that the plaintiff and his friend were driving in a jeep when they were involved in an accident with the defendant which was caused by the defendant's negligent conduct. The plaintiff witnessed his friend ejected from the jeep and then rolled over by it. The plaintiff also witnessed the death of his friend as a result of the injuries caused by the accident.
In Clohessy v. Bachelor, 237 Conn. 31, 56 (1996), the Connecticut Supreme Court recognized a cause of action for bystander emotional distress. The court set forth the elements for this cause of action as follows:
 To summarize, we conclude that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her CT Page 14869 death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response.
In Clohessy, the court found that the parent and sibling of a child killed in an accident could bring an action for bystander emotional distress. The court left for another day the question of what other relationships might also qualify.
In reviewing the progeny of Clohessy, the court was unable to find any cases that addressed the issue of whether a friend may be "closely related to the injury victim" and therefore sue for bystander emotional distress.[1]
However, based on Clohessy and the subsequent policy discussion inMendillo v. East Hampton Board of Education, 246 Conn. 456 (1998), the court does not believe that a bystander emotional distress claim brought by a friend is a viable cause of action in Connecticut.
In Clohessy, the court was clearly concerned that limits needed to be set as to which individuals would have the right to bring an action for bystander emotional distress.
 We are aware that the application of pure rules of foreseeability could lead to unlimited liability. "[T]here are ample policy concerns for setting limits or administrative boundaries establishing the permissible instances of recovery. There are fears of flooding the courts with "spurious and fraudulent claims'; problems of proof of the damage suffered; exposing the defendant to an endless number of claims; and economic burdens on industry." For example, "[i]t would be an entirely unreasonable burden on all human activity if the defendant who has endangered one person were to be compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including every bystander shocked at an accident, and every distant relative of the person injured, as well as all his friends.
 With these considerations in mind, and borrowing from the experience of other jurisdictions, we agree that specific limitations must be imposed upon the reasonable foreseeability rule. We recognize that CT Page 14870 those limitations, albeit somewhat arbitrary, are "necessary in order not to leave the liability of a negligent defendant open to undue extension by the verdict of sympathetic juries, who under our system must define and apply any general rule to the facts of the case before them . . . ." Clohessy v. Bachelor, 237 Conn. 31, 51 (1996) (Internal quotations omitted).
A subsequent Supreme Court case regarding a claim for loss of parental., consortium is highly instructive by way of analogy. The court was again concerned about the scope of third party liability in a negligence action.
 "Although we have never specifically said so, our cases suggest that the imposition of third party liability on a tortfeasor is an exception to the general rule of the scope of tort liability that requires satisfaction of a special policy inquiry . . . .
 We conclude in the present case that the general rule of limiting the tortfeasor's liability to the person directly harmed should prevail. Although, in light of the minor plaintiffs' arguments, the question is a close one, the balance of policy considerations fails to establish the additional justification necessary to support recognition of a legal duty on the part of a tortfeasor to compensate the children of the person whom the tortfeasor has harmed directly for their loss of consortium with their parent. Mendillo v. East Hampton Board of Education, 246 Conn. 456, 480, 484 (1998).
Based on the guidance of the Supreme Court as set forth in the foregoing cases, the court finds that a claim for bystander emotional distress does not extend to a claim by the friend of the decedent because he cannot satisfy the "closely related" requirement. This finding is one of those limitations that must be set in order to avoid a slippery slope leading to endless litigation and liability on the part of a negligent defendant. Accordingly, the Motion to Strike Counts four, five and six of the Amended Complaint is granted.[2]
CHASE T. ROGERS SUPERIOR COURT JUDGE CT Page 14871