# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## SEPTEMBER 2019 TERM

**FILED**
**November 14, 2019**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 19-0415

**STATE OF WEST VIRGINIA ex rel.
MAXXIM SHARED SERVICES, LLC,
a foreign Limited Liability Company, and
ANR, INC., a Delaware Corporation
Petitioners**

**V.**

**THE HONORABLE WARREN R. MCGRAW,
JUDGE OF THE CIRCUIT COURT OF
WYOMING COUNTY, WEST VIRGINIA, and
CHARLES BLANKENSHIP,
Respondents**

_____

**PETITION FOR WRIT OF PROHIBITION**

**WRIT GRANTED IN PART AND DENIED IN PART**
_____

**Submitted: October 15, 2019**
**Filed: November 14, 2019**

Thomas P. Mannion
Tim J. Yianne
Tonya P. Shuler
LEWIS BRISBOIS BISGAARD &
SMITH LLP
Charleston, West Virginia
Attorneys for Petitioners

Stephen P. New
Amanda J. Taylor
The Law Office of Stephen P. New
Beckley, West Virginia
Attorneys for Respondent

**JUSTICE JENKINS delivered the Opinion of the Court.**

**JUSTICE WORKMAN dissents and reserves the right to file a dissenting opinion.**

**SYLLABUS BY THE COURT**

1.      "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court.  It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers.  *W. Va. Code*, 53-1-1."  Syllabus point 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

2.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression.  These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue.  Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight."  Syllabus point 4*, State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1997).

3. "A plaintiff's right to recover for the negligent infliction of emotional distress, after witnessing a person closely related to the plaintiff suffer critical injury or death as a result of defendant's negligent conduct, is premised upon the traditional negligence test of foreseeability. A plaintiff is required to prove under this test that his or her serious emotional distress was reasonably foreseeable, that the defendant's negligent conduct caused the victim to suffer critical injury or death, and that the plaintiff suffered serious emotional distress as a direct result of witnessing the victim's critical injury or death. In determining whether the serious emotional injury suffered by a plaintiff in a negligent infliction of emotional distress action was reasonably foreseeable to the defendant, the following factors must be evaluated: (1) whether the plaintiff was closely related to the injury victim; (2) whether the plaintiff was located at the scene of the accident and is aware that it is causing injury to the victim; (3) whether the victim is critically injured or killed; and (4) whether the plaintiff suffers *serious* emotional distress." Syllabus point 2, *Heldreth v. Marrs*, 188 W. Va. 481, 425 S.E.2d 157 (1992).

4. In West Virginia, an employee cannot recover damages for emotional distress after witnessing an injury to an unrelated co-worker under a claim of negligent infliction of emotional distress.

**Jenkins, Justice:**

This case was brought as a writ of prohibition under the original jurisdiction of this Court by Petitioners, Maxxim Shared Services, LLC and ANR, Inc. (collectively "Petitioners"). Respondent, Charles Blankenship ("Mr. Blankenship"), filed his complaint in June of 2018, in which he alleges that he suffered significant emotional injuries after witnessing a co-worker sustain injuries due to Petitioners' negligence. In response, Petitioners filed a motion to dismiss the complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, wherein they argued that Mr. Blankenship failed to state a claim for emotional distress arising from witnessing injuries to an unrelated co-worker. Judge Warren R. McGraw, of the Circuit Court of Wyoming County, entered an order on February 28, 2019, denying the motion.

Before this Court, Petitioners challenge the circuit court's ruling, and contend that the circuit court committed clear legal error in finding: (1) that Mr. Blankenship's relationship with his co-worker satisfied the "closely related" requirement for a claim of negligent infliction of emotional distress; and (2) that Mr. Blankenship is entitled to proceed on a claim for general negligence. Having considered the briefs submitted, the appendix record, the parties' oral arguments, and the applicable legal authority, we grant the requested writ of prohibition in part, and deny in part.

# I.

## FACTUAL AND PROCEDURAL HISTORY

In July of 2016, Mr. Blankenship was employed at an underground mine operated by Spartan Mining Company, Inc. at the Road Fork #51 mine located in Wyoming County, West Virginia. On July 28, 2016, Mr. Blankenship was directed by the mine foreman to repair the guarding at the No. 3 shaft pump installation. The next morning, Mr. Blankenship enlisted the help of his co-worker, Donald Workman ("Mr. Workman"), to assist him in repairing the loose guarding. They travelled to the shaft, and began making the repairs. While Mr. Workman was still working, Mr. Blankenship stepped away from the guarding and heard a "jet engine" sound coming from the shaft. Mr. Blankenship turned toward the shaft, and observed a methane explosion, which propelled Mr. Workman into the air. Despite attempts to assist Mr. Workman in removing his gloves and gear, Mr. Workman subsequently died as a result of his injuries.

On June 21, 2018, Mr. Blankenship filed a complaint alleging two counts against Petitioners[1] in their capacity as entities that "oversee and manage" the subject mine: (1) negligence and (2) negligent infliction of emotional distress. Then, on August 16, 2018, Petitioners filed a motion to dismiss the complaint. Therein, Petitioners argued that Mr. Blankenship failed to state a claim for negligent infliction of emotional distress arising

---

[1] Mr. Blankenship also brought suit against Spartan Mining Company, LLC alleging wrongful termination in contravention of substantial public policies. Spartan Mining Company is not a part of the current petition for writ of prohibition.

4

from witnessing injuries to an unrelated co-worker. Petitioners also asserted that Mr. Blankenship's claim for negligence should be dismissed because it was a restatement of his claim for negligent infliction of emotional distress, and sought recovery for duplicative damages.

On February 28, 2019, the circuit court denied the motion to dismiss. The circuit court reasoned that "[t]o strictly require a blood or marital relation is overinclusive in that it allows recovery whether the biologically linked parties are close or not, is underinclusive in that it arbitrarily denies justice to those that can prove a functionally close relationship." The circuit court found Mr. Blankenship's complaint was sufficient and adequately pled to survive the motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Petitioners filed this petition requesting a writ of prohibition on April 30, 2019, challenging the denial of its motion.

## II.

### STANDARD OF REVIEW

In Syllabus point 2 of *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977), we held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va. Code*, 53-1-1." Further, this Court will only grant a writ of prohibition

5

to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Syl. pt. 1, in part, *Hinkle v. Black*, 164 W. Va. 112, 262 S.E.2d 744 (1979), superseded by statute on other grounds as stated in *State ex rel. Thornhill Grp., Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014).

When considering a writ of prohibition, this Court is guided by the following:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1997). "In determining the third factor, the existence of clear error as a matter of law, we will employy

6

a *de novo* standard of review, as in matters in which purely legal issues are at issue." *State ex rel. Gessler v. Mazzone*, 212 W. Va. 368, 372, 572 S.E.2d 891, 895 (2002).

With these standards in mind, we now examine the Petitioners' request for a writ of prohibition.

## III.

## DISCUSSION

Petitioners seek an extraordinary writ because they contend the circuit court committed clear legal error in denying their motion to dismiss. First, Petitioners contend that the circuit court erred in finding that Mr. Blankenship's relationship with his co-worker satisfied the "closely related" requirement for a bystander claim of negligent infliction of emotional distress. Petitioners allege that in doing so, the circuit court exceeded its authority, usurped this Court's authority to define the bounds of the common law, and expanded the scope of liability for emotional distress claims. Second, Petitioners contend that the circuit court erred in finding that Mr. Blankenship's complaint was sufficient to sustain a claim for general negligence. In support, Petitioners argue that Mr. Blankenship's negligence claim is a duplicative claim that seeks identical relief as his negligent infliction of emotional distress claim and for the same alleged conduct. We will address each assignment of error in turn.

## A. Negligent Infliction of Emotional Distress

The first issue before this Court is whether the circuit court erred as a matter of law when it held that a plaintiff who witnesses injury to an unrelated co-worker can recover for negligent infliction of emotion distress. Petitioners argue that Mr. Blankenship does not have a legal right under West Virginia law to assert a claim for negligent infliction of emotional distress arising from witnessing injuries to a co-worker. Notably, the parties do not dispute that Mr. Blankenship and his co-worker were not related by blood or by marriage. Rather, the two men were co-workers who worked together at the Road Fork #51 mine in Wyoming County. Therefore, Petitioners contend that Mr. Blankenship's relationship with his co-worker does not satisfy the "closely related" requirement needed to sustain a claim for negligent infliction of emotional distress. As such, the circuit court's holding—that the friendship and shared occupation of Mr. Blankenship and his co-worker fulfilled the "closely related" requirement—was in direct contravention to the law established by this Court in *Heldreth v. Marrs*, 188 W. Va. 481, 425 S.E.2d 157 (1992) and its progeny.

Mr. Blankenship responds that the circuit court properly denied Petitioners' motion to dismiss when it found that the circumstances pled in the complaint demonstrated that Mr. Blankenship was not a mere bystander with no significant relationship to the victim. According to Mr. Blankenship, the motion to dismiss was denied on the basis that the "closely related" requirement was adequately pled because coal miners are more than

8

co-workers, they are "members of a close-knit coal mining 'family' that transcends blood ties."

Under this State's law, "[i]n order to prove actionable negligence there must be shown a duty on the part of the person charged with negligence and a breach of such duty." Syl. pt. 2, *Atkinson v. Harman,* 151 W. Va. 1025, 158 S.E.2d 169 (1967). The

> elements of duty, breach and injury are essential to actionable negligence and in the absence of any of them the action must fall. 38 Am. Jur., Negligence, Sec. 11. This proposition is succinctly stated in 38 Am. Jur., Negligence, Sec. 12, as follows: "An action to recover damages for an injury sustained by the plaintiff on the theory that they were caused by the negligence of the defendant will not lie unless it appears that there existed, at the time and place where the injury was inflicted, a duty on the part of the defendant and a corresponding right in the plaintiff for the protection of the latter." *See Faull v. Abbot*, 137 W. Va. 777, 73 S.E.2d 727; *Morrison v. Roush*, 110 W. Va. 398, 158 S.E. 514.

*Atkinson*, 151 W. Va. at 1031, 158 S.E.2d at 173. In West Virginia, "[d]uty is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff; and in negligence cases, the duty is always the same, to conform to the legal standard of reasonable conduct in light of the apparent risk." *Robertson v. LeMaster*, 171 W. Va. 607, 611, 301 S.E.2d 563, 567 (1983) (internal citation omitted).

This Court first addressed duty and foreseeability in the context of bystander claims of negligent infliction of emotional distress in the seminal case, *Heldreth v. Marrs*, 188 W. Va. 481, 425 S.E.2d 157 (1992). In Syllabus point 2 of *Heldreth*, this Court held:

9

A plaintiff's right to recover for the negligent infliction of emotional distress, after witnessing a person closely related to the plaintiff suffer critical injury or death as a result of defendant's negligent conduct, is premised upon the traditional negligence test of foreseeability. A plaintiff is required to prove under this test that his or her serious emotional distress was reasonably foreseeable, that the defendant's negligent conduct caused the victim to suffer critical injury or death, and that the plaintiff suffered serious emotional distress as a direct result of witnessing the victim's critical injury or death. In determining whether the serious emotional injury suffered by a plaintiff in a negligent infliction of emotional distress action was reasonably foreseeable to the defendant, the following factors must be evaluated: (1) whether the plaintiff was closely related to the injury victim; (2) whether the plaintiff was located at the scene of the accident and is aware that it is causing injury to the victim; (3) whether the victim is critically injured or killed; and (4) whether the plaintiff suffers *serious* emotional distress.

Here, we are asked to consider the first factor of the foreseeability determination—whether Mr. Blankenship was "closely related" to the injury victim.

When the *Heldreth* Court was tasked with formulating this State's standard for negligent infliction of emotional distress claims asserted by bystanders, it reviewed the law in other jurisdictions, and examined the factors they used for evaluating these claims. It was determined that when analyzing foreseeability, all courts agreed that an important factor was "whether the plaintiff has a close relationship with the injury victim. Courts have recognized that the relationship between the plaintiff and the injury victim is valuable in determining foreseeability, and therefore is an essential element in establishing liability." *Id.* at 486, 425 S.E.2d at 162. Further, in discussing the importance of being "closely related," this Court noted:

> We agree with the Supreme Court of Nebraska and other courts which have held that the plaintiff must have a close marital or familial relationship with the injury victim. Clearly, a plaintiff who witnesses a closely related person severely injured or killed by the negligence of another will experience a more profound emotional trauma than a plaintiff who has no relationship with the injury victim. It is the very nature of the relationship between the plaintiff and the victim which makes the emotional reaction experienced by the plaintiff so poignant. We shall therefore require, as one element of the test, that a close marital or familial relationship exist between the plaintiff and the victim.

*Id.* at 487, 425 S.E.2d at 163.

Under West Virginia law, it is undisputed that a plaintiff can recover—in limited circumstances—for emotional distress arising from witnessing injury to another person. *See, e.g.*, *Jones v. Sanger*, 204 W. Va. 333, 512 S.E.2d 590 (1998); *Stump v. Ashland, Inc.*, 201 W. Va. 451, 499 S.E.2d 41 (1997); *Heldreth v. Marrs*, 188 W. Va. 481, 425 S.E.2d 157 (1992). However, bystander recovery is limited to a narrow group of "closely related" individuals.

> It would be an entirely unreasonable burden on all human activity if the defendant who has endangered one person were compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including every bystander shocked at an accident, and every distant relative of the person injured, as well as all his friends. And probably the danger of fictitious claims, and the necessity of some guarantee of genuineness, are even greater here than before. It is no doubt such considerations that have made the law extremely cautious in extending its protections to the bystander.

W. Prosser and W. Keeton, *Prosser and Keeton on Torts*, § 54, at 366 (5th ed. 1984).

The limitations set forth above, and the policy reasons for adopting said limitations, have been echoed not only in this Court, but also in courts across the country. In surveying how other jurisdictions have approached the "closely related" factor, our research indicates that the vast majority of courts is steadfast in limiting the phrase "closely related" to marital and blood relations. *See Hislop v. Salt River Project Agric. Improvement and Power Dist.*, 5 P.3d 267 (Ariz. Ct. App. 2000) (relationship of co-worker and friend does not qualify for bystander recovery); *Drew v. Drake*, 168 Cal. Rptr. 65 (Cal. Ct. App. 1980) (romantic partner who lived with victim as *de facto* spouse was denied recovery for negligent infliction of emotional distress); *Batista v. Backus*, 28 Conn. L. Rptr. 624 (Conn. Super. Ct. 2000) (relationship of friends did not meet the "closely related" requirement); *Smith v. Toney*, 862 N.E.2d 656 (Ind. 2007) (fiancée was not analogous to spouse for purposes of recovering as a bystander in a negligent infliction of emotional distress claim); *Michaud v. Great N. Nekoosa Corp.*, 715 A.2d 955 (Me. 1998) (co-worker could not make a claim for negligent infliction of emotional distress after watching fellow co-worker's trapped under water while repairing a dam); *Nugent v. Bauermeister*, 489 N.W.2d (Mich. Ct. App. 1992) (minor plaintiff did not meet the "closely related" requirement and could not recover as a bystander after watching his best friend be fatally struck by an automobile); *Hinojosa v. S. Texas Drilling & Expl., Inc.*, 727 S.W.2d 320 (Tex. App. 1987) (court held that an unrelated co-worker could not state a claim in negligence for emotional distress after witnessing injuries to an unrelated co-worker).

Here, in dismissing the motion to dismiss, the circuit court reasoned that Mr. Blankenship and his co-worker met the "closely related" requirement because, as coal miners, they "are not only co-workers, but also members of a close-knit coal mining 'family' that transcends blood ties. The functional relationship of the parties is just as, if not more important than their biological or legal relationship." However, while this Court recognizes the close friendship and working relationship of these men, the fact still exists that Mr. Blankenship has not alleged any familial relationship or marital bond between him and Mr. Workman other than that of co-worker and friend. This State's law on bystander recovery for negligent infliction of emotional distress is consistent with the vast majority of jurisdictions across the country that interpret "closely related" to mean marital or blood relations. As such, we hold that in West Virginia, an employee cannot recover damages for emotional distress after witnessing an injury to an unrelated co-worker under a claim of negligent infliction of emotional distress.

In view of the foregoing, and despite Mr. Blankenship's contentions to the contrary, we refuse to expand the class of individuals entitled to recover damages for emotional injuries as a bystander under a claim of negligent infliction of emotional distress. Rather, we agree with Petitioners that the circuit court's order denying their motion to dismiss the complaint—wrongly extending this State's common law and holding that a co-worker relationship met the "closely related" requirement for negligent infliction of emotional distress claims—was clearly erroneous as a matter of law.

## B. Negligence

In their second assignment of error, Petitioners contend that the circuit court erred in finding that Mr. Blankenship's complaint was sufficiently pled to sustain a claim for general negligence. In support, Petitioners argue that Mr. Blankenship's negligence claim is duplicative of the negligent infliction of emotional distress claim, insofar as it is a restatement of the legal theory used in his claim for negligent infliction of emotional distress. More specifically, Petitioners assert that Mr. Blankenship's negligence claim arises from the same underlying incident to his co-worker and the causal relationship of that incident to the resulting alleged emotional distress. Thus, Petitioners argue that the negligence claim should have been dismissed because courts in West Virginia regularly dismiss duplicative claims.

Mr. Blankenship maintains that his negligence claim is not duplicative of his claim for negligent infliction of emotional distress because the underlying factual scenarios are different for each claim. For his negligence claim, Mr. Blankenship states that he seeks compensation for emotional damages and the physical effects that he suffered as a result of Petitioners' wrongful actions. Additionally, he seeks damages for the negligent infliction of emotional distress caused by witnessing the injuries and death of his co-worker and friend, Mr. Workman.

14

In West Virginia,

> [i]t is generally recognized that there can be only one recovery of damages for one wrong or injury. Double recovery of damages is not permitted; the law does not permit a double satisfaction for a single injury. A plaintiff may not recover damages twice for the same injury simply because he has two legal theories.

Syl. pt. 7, *Harless v. First Nat. Bank in Fairmont*, 169 W. Va. 673, 289 S.E.2d 692 (1982). Although this State's law on duplicative damages is well established, we do not find that Mr. Blankenship's claim for general negligence is duplicative of his claim for negligent infliction of emotional distress because each claim seeks recovery for separate injuries. While it is true that Mr. Blankenship seeks to recover damages for emotional distress under both legal theories, it is clear that each claim arises from a different set of underlying facts. As evidenced by a close reading of Mr. Blankenship's complaint, the damages claimed for negligent infliction of emotional distress arise from witnessing "his friend and fellow coal miner suffer a critical, gruesome injury that later resulted in Mr. Workman's death." Conversely, the damages sought by Mr. Blankenship for general negligence arise from "psychiatric injuries—injuries that had physical and bodily effects—resulting from him having to flee for his very life from a methane explosion that was accompanied by jet-engine roars and a violent explosion of blue flame."

Because these claims arose from different underlying circumstances, we find that Mr. Blankenship's claim for negligence is not duplicative of his claim for negligent

infliction of emotional distress. Therefore, the circuit court did not err in denying Petitioners' motion to dismiss as to Mr. Blankenship's claim for general negligence.

## IV.

## CONCLUSION

For the reasons set forth above, we conclude that the Circuit Court of Wyoming County exceeded its legitimate powers and was clearly erroneous when it refused to dismiss Mr. Blankenship's claim for negligent infliction of emotional distress. Therefore, we grant the writ to prohibit enforcement of the circuit court's February 28, 2019 order denying Petitioners' motion to dismiss as to the negligent infliction of emotional distress claim, and we order the circuit court to dismiss this claim. Finally, we deny the writ of prohibition with respect to the general negligence claim.

Writ granted in part and denied in part.

16